ORIGINAL

FILED

08 OCT -8 PM 3:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  ANN K. JOHNSTON, ESQ. (SBN 145022)
2  TED A. SMITH (SBN 159986)
   BERGER KAHN
3  A Law Corporation
   7200 Redwood Boulevard, Suite 325
4  Novato, CA  94945
   Tel: (415) 899-1770 • Fax: (415) 899-1769
5
   Attorneys for Defendants
6  HARTFORD FIRE INSURANCE COMPANY and AL SMITH
7
8              UNITED STATES DISTRICT COURT
9      SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION
10
11  DEBBE SIMMONS and MICHAEL       )  CASE NO. '08 CV 1837 JLS BLM
    SIMMONS,                         )
12                                   )  HARTFORD'S NOTICE OF REMOVAL
                    Plaintiffs,      )  OF CIVIL ACTION UNDER 28 U.S.C. §
13                                   )  1441(b)
    vs.                              )
14                                   )
    THE HARTFORD COMPANY, AL        )  DATE ACTION FILED:  7/24/2008
15  SMITH, WILLIS OF ILLINOIS, INC.,)  TRIAL DATE:         None
    and DOES 1 to 50, inclusive,    )
16                                   )
                    Defendants.      )  BY FAX
17                                   )
18
19  TO THE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
20  SOUTHERN DISTRICT OF CALIFORNIA:
21       Defendant Hartford Fire Insurance Company (hereinafter "Hartford") hereby
22  removes to this Court pursuant to 28 U.S.C. section 1441(b), the state court action
23  described below.
24       1.    On July 24, 2008, Plaintiffs Debbe Simmons and Michael Simmons filed
25  an action in the Superior Court of the State of California in and for the County of San
26  Diego, entitled *Simmons v. Hartford Fire Insurance Company, et al.*, Case No. 37-2008-
27  00088341-CU-BC-CTL.  This Complaint was not served on Hartford.  A First Amended

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

1 Complaint was filed on August 22, 2008. Hartford was served with a copy of the

2 Summons on Amended Complaint and First Amended Complaint on September 8, 2008.

3 A true and correct copy of documents from the San Diego Superior Court file are

4 attached as Exhibit A as follows:

5       1. Notice of Entry of Dismissal as to Willis of Illinois, Inc.

6       2. Amendment to Complaint – naming Lockton Affinity

7       3. Summons on Amended Complaint

8       4. First Amended Complaint

9       5. Amendment to Complaint – correcting Hartford Fire Insurance Company

10       6. Hartford's Answer to the First Amended Complaint

11       7. Al Smith's Demurrer to First Amended Complaint

12     2.     This action is a civil action of which this Court has original jurisdiction

13 under the provisions of 28 U.S.C. section 1332, and is one which may be removed to this

14 Court by Hartford pursuant to 28 U.S.C. section 1441(b), in that it is a civil action

15 between citizens of different states and the matter in controversy exceeds $75,000,

16 exclusive of interest and costs.  Plaintiffs' Complaint specifically pleads entitlement to

17 $955,000 in contract damages (paras. 15, 16, 22 and Prayer).  Additionally, Plaintiffs'

18 Complaint alleges entitlement to unspecified amounts for pre-judgment interest, damages

19 for worry, anxiety, depression and general emotional distress, and attorney's fees (see

20 prayer for relief).

21     4.     Hartford is informed and believes that Plaintiffs are citizens of the State of

22 California (First Amended Complaint, para. 1).

23     5.     Defendant Hartford was, at the time of the filing of this action, and still is, a

24 corporation incorporated under the laws of the State of Connecticut, having its principal

25 place of business in the State of Connecticut (see Exhibit B, Company Profile published

26 on the website of the California Department of Insurance).

27     6.     Hartford is informed and believes that Defendant CCA Global Partners,

28 Inc. was, at the time of the filing of this action, and still is, a corporation incorporated

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

2

Notice of Removal                                       Case No. _____

1  under the laws of the State of Delaware, having its principal place of business in the State

2  of Missouri (see Exhibit C, Business Entity Search published on the website of the

3  Missouri Secretary of State).

4       7.    Hartford is informed and believes that Lockton Risk Services, Inc. is the

5  proper Lockton entity defendant in this action and that the named defendant, Lockton

6  Affinity, is a trademark and has been misnamed. See Exhibit D, true and correct copies of

7  the policy declarations page from Exhibit A to Plantiffs' First Amended Complaint,

8  showing Lockton Risk Services, Inc. as the "Agent/Broker" on Plaintiffs' insurance

9  policy. Lockton Risk Services, Inc. was, at the time of the filing of this action, and still is,

10  a corporation incorporated under the laws of the State of Kansas, having its principal

11  place of business in the State of Kansas (see Exhibit E, Business Entity Search published

12  on the website of the Kansas Secretary of State). Exhibit F, a notice of cancellation for

13  Plaintiffs' insurance policy, and a page from Lockton's website, also show that Lockton

14  Risk Services, Inc. and Lockton Affinity share the same address.

15       8.    Hartford is informed and believes that Defendant Al Smith is a citizen of

16  the State of California, but was named for the sole purposes of defeating diversity such

17  that his citizenship should be disregarded. Hartford is moving to drop Al Smith as a

18  sham defendant pursuant to FRCP 21. (See Exhibit G, Hartford's motion to drop Al

19  Smith as a sham defendant.)

20  DATED: October 8, 2008             BERGER KAHN
                                        A Law Corporation

21

22

23                                   By: _____
                                     ANN K. JOHNSTON

24                                       Attorneys for Defendants
                                     HARTFORD FIRE INSURANCE

25                                       COMPANY and AL SMITH

26

27

28

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

3

Notice of Removal                                       Case No. _____

**AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action.  I am employed by Berger Kahn, A Law Corporation, whose business address is: 7200 Redwood Boulevard, Suite 325, Novato, CA  94945 ("the firm").

On October 8, 2008, I served the within document(s) described as: **HARTFORD'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28. U.S.C. § 1441(b)** on the interested parties in this action:

☒  by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

Elliott N. Kanter
Law Offices of Elliott N. Kanter
2445 Fifth Avenue,  Suite 350
San Diego, CA  92101
Tel:  619-231-1883
Fax:  619-234-4553

☒  **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Novato, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐  **BY FAX** (C.C.P. § 1013(a), (e); CRC 2008)–by transmitting said document(s) by electronic facsimile at approximately             .m. at 7200 Redwood Boulevard, Suite 325, Novato, California  94945, to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list.  The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐  **BY OVERNIGHT MAIL**(C.C.P. § 1013(c))–I placed said envelope(s) for collection by ***Federal Express/Golden State Overnight***, following ordinary business practices, at the business offices of Berger Kahn for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service.  It is deposited with said overnight mail service on that same day in the ordinary course of business.  I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

4

Notice of Removal                                      Case No. _____

**BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**–I served the within document(s) by placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 7200 Redwood Boulevard, Suite 325, Novato, California 94945.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing by Certified Mail, Return Receipt Requested, with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope(s) is more than one day after the date of deposit for mailing contained in this affidavit.

**BY PERSONAL SERVICE**(C.C.P. § 1011(a))–I delivered such envelope(s) by hand to the offices of the addressee(s).

(State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 8, 2008, at Novato, California.

Marla Tom

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

5

Notice of Removal                                     Case No. _____

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

# EXHIBIT A

# EXHIBIT A-1

CIV-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Elliott N. Kanter, Esq., SBN 95054<br>LAW OFFICES OF ELLIOTT N. KANTER<br>2445 Fifth Avenue, Suite 350<br>San Diego, CA 92101 | | |

ATTORNEY FOR *(Name)*:  Plaintiffs, DEBBE SIMMONS and MICHAEL

Insert name of court and name of judicial district and branch court, if any:

SAN DIEGO SUPERIOR COURT
Central Division

PLAINTIFF/PETITIONER:  DEBBE SIMMONS, et al.

DEFENDANT/RESPONDENT:  THE HARTFORD COMPANY, et al.

| NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE | CASE NUMBER: |
|---|---|
| [ ] Personal Injury, Property Damage, or Wrongful Death<br>   [ ] Motor Vehicle  [ ] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[x] Other *(specify)*:  Breach of Contract | 37-2008-00088341-CU-BC-XTL |

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the Request for Dismissal. *(Attach a copy completed by the clerk.)*

Date:  August 21, 2008

. . . . . . . . . . . . Elliott N. Kanter, Esq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶

(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)  (SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My residence or business address is:
   2445 Fifth Avenue, Suite 350, San Diego, CA 92101

2. [x] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. [ ] I deposited the envelope with the United States Postal Service.
   b. [x] I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit:  August 21, 2008
   d. Place of deposit *(city and state)*:  San Diego, California
   e. Addressed as follows *(name and address)*:
      Jennifer S. Creighton, Esq.
      WINET, PATRICK & WEAVER
      440 South Melrose Drive, Suite 200, Vista, CA 92081-6666

3. [ ] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by personally delivering copies to the person served as shown below:
   Name:                Date:         Time:         Address:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  August 21, 2008

. . . . . . . . . Anita Kranzberg . . . . . . . . . . . . . . . . . . . ▶
(TYPE OR PRINT NAME)  (SIGNATURE OF DECLARANT)

Page 1 of 1

**NOTICE OF ENTRY OF DISMISSAL
AND PROOF OF SERVICE**

Legal
Solutions
& Plus

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rule 3.1390

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Elliott N. Kanter, Esq., SBN 95054<br>LAW OFFICES OF ELLIOTT N. KANTER<br>2445 Fifth Avenue, Suite 350<br>San Diego, CA  92101 | (619) 231-1883 | 2008 AUG -7 1P 3 24 |

ATTORNEY FOR *(Name):*  Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS

Insert name of court and name of judicial district and branch court, if any:

SAN DIEGO SUPERIOR COURT
Central Division

PLAINTIFF/PETITIONER:      DEBBE SIMMONS, et al,.

DEFENDANT/RESPONDENT:  THE HARTFORD COMPANY, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>　　☐ Motor Vehicle　　☐ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☒ Other *(specify):* Breach of Contract | 37-2008-00088341-CU-BC-XTL |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK:  Please dismiss this action as follows:
   a. (1) ☐ With prejudice      (2) ☒ Without prejudice
   b. (1) ☐ Complaint          (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*                      on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*                      on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other *(specify):** As to Defendant, WILLIS OF ILLINOIS, INC., Only.

Date:  August 7, 2008

Elliott N. Kanter, Esq., SBN 95054
_____
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)
Attorney or party without attorney for:  Plaintiffs, DEBBE
SIMMONS and MICHAEL SIMMONS

* If dismissal requested is of specified parties only of specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

☒ Plaintiff/Petitioner        ☐ Defendant/Respondent
☐ Cross - complainant

2. TO THE CLERK:  Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint or Response (Family Law) seeking affirmative relief is on
file, the attorney for cross-complainant (respondent) must sign this consent
if required by Code of Civil Procedure section 581(i) or (j).

▶ _____
(SIGNATURE)
Attorney or party without attorney for:

☐ Plaintiff/Petitioner        ☐ Defendant/Respondent
☐ Cross - complainant

*(To be completed by clerk)*
3. ☐ Dismissal entered as requested on *(date):*
4. ☒ Dismissal entered on *(date):* 8-7-08           as to only *(name):* See Above
5. ☐ Dismissal not entered as requested for the following reasons *(specify):*

6. ☒ a. Attorney or party without attorney notified on *(date):* 8-4-08
      b. Attorney or party without attorney not notified. Filing party failed to provide
         ☐ a copy to conform    ☐ means to return conformed copy

Date:  Aug 14 2008                    Clerk, by _____ C. WRIGHT _____ , Deputy

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Legal
Solutions
☐ Plus

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1300

# EXHIBIT A-2

FROM                                  (TUE)OCT  7 2008 14  ST. 14:36/No. 7522531241 P  3

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, ...s bar number, and address):

Elliott N. Kanter, Esq.
LAW OFFICES OF ELLIOTT N. KANTER
2445 Fifth Avenue, Suite 350
San Diego, CA 92101

TELEPHONE NO.: (619) 231-1883        FAX NO.: (619) 234-4553
ATTORNEY FOR (Name):  Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
[X]  HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
[ ]  NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
[ ]  EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
[ ]  RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
[ ]  SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

FOR COURT USE ONLY
CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION

2008 AUG 15  P 2: 56

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

PLAINTIFF(S)  DEBBE SIMMONS, et al.

DEFENDANT(S)  THE HARTFORD COMPANY, et al.

JUDGE: Jay M. Bloom

DEPT: C-70

| AMENDMENT TO COMPLAINT (CCP 473, 474) | CASE NUMBER 37-2008-00088341-CU-BC-CTL |
|---|---|

Under Section 474, Code of Civil Procedure:
FICTITIOUS NAME (Court order required once case is at issue. San Diego Superior Court Rules, Division II, rule 2.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated said defendant in the complaint by the fictitious name of

DOE 1

and having discovered the true name of the said defendant to be

LOCKTON AFFINITY

amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

Date:  August 14, 2008

Elliott N. Kanter, Esq.                                    Attorney(s) for Plaintiff(s)

Under Section 473, Code of Civil Procedure:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated a    [ ] defendant    [ ] plaintiff in the complaint by the name of

and having discovered    [ ] said name to be incorrect and the correct name is    [ ] defendant also uses the name of

amends the complaint by    [ ] substituting    [ ] adding such name(s) wherever the name of

appears in said complaint.
Date:

Elliott N. Kanter, Esq.                                    Attorney(s) for Plaintiff(s)

ORDER
The above amendment to the complaint is allowed.

Date:

Judge of the Superior Court

SDSC CIV-12(Rev. 10-02)                    AMENDMENT TO COMPLAINT                    SD-12

# EXHIBIT A-3

**SUMMONS** ON AMENDED COMPLAINT

**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE HARTFORD COMPANY, AL SMITH, WILLIS OF ILLINOIS, INC., and DOES
1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEBBE SIMMONS and MICHAEL SIMMONS

<div>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

AUG 2 6 2008

By: K. BROWN, Deputy

</div>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):*  SUPERIOR COURT OF THE STATE OF CALIFORNIA  COUNTY OF SAN DIEGO  330 W. Broadway  San Diego, CA 92101 | *(Número del Caso):* 37-2008-00088341-CU-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliott N. Kanter, Esq., SBN 95054
LAW OFFICES OF ELLIOTT N. KANTER
2445 Fifth Avenue, Suite 350
San Diego, CA 92101

| DATE: AUG 2 6 2008 | Clerk, by K Brown | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**
**ON AMENDED COMPLAINT**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT A-4

1  ELLIOTT N. KANTER (SBN 95054)
   LAW OFFICES OF ELLIOTT N. KANTER
2  2445 Fifth Avenue, Suite 350
   San Diego, CA 92101
3  TELEPHONE:  (619) 231-1883
   FACSIMILE:  (619) 234-4553

4

5  Attorney for Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN DIEGO

10

11 DEBBE SIMMONS and MICHAEL          )  Case No.: 37-2008-00088341-CU-BC-CTL
   SIMMONS                            )
12                                    )  FIRST AMENDED COMPLAINT FOR
13               Plaintiffs,          )  DAMAGES:
                                      )
14 THE HARTFORD COMPANY, AL SMITH,    )   1.  BREACH OF CONTRACT;
   WILLIS OF ILLINOIS, INC.,          )   2.  BREACH OF THE COVENANT OF
15 and DOES 1 to 50, inclusive        )       GOOD FAITH AND FAIR
                                      )       DEALING;
16                                    )   3.  DECLARATORY RELIEF
                 Defendants.          )   4.  NEGLIGENCE;
17                                    )   5.  REFORMATION
                                      )   6.  BREACH OF CONTRACT
18                                    )       (Failure to Provide Coverage)
                                      )
19                                    )

20

21     Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS, in their causes of action

22 against Defendants, hereby amend the Complaint filed on July 24, 2008 by adding, Defendant,

23 DOE 2,  CCA GLOBAL PARTNERS, a corporation, doing business in California, and by adding

24 a Sixth Cause of Action:  Breach of Contract – Failure to Provide Coverage.

25     Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS, incorporate by reference each

26 of the proceeding paragraphs of this complaint as set forth herein and in full.

27     1.     That at all times herein mentioned, Plaintiffs were and are residents in the City and

28 County of San Diego in the State of California.

                                    1
                   FIRST AMENDED COMPLAINT FOR DAMAGES

1     2.     That at all times herein mentioned, Defendant, THE HARTFORD COMPANY,

2  was and is authorized to bind, issue and deliver automobile insurance policies in the State of

3  California.

4     3.     That at all times herein mentioned, Defendant, AL SMITH, adjuster for THE

5  HARTFORD COMPANY, was a resident of California.

6     4.     Plaintiff is unaware of the true identity, nature, and capacity of each defendant

7  designed herein as a DOE. Plaintiff is informed and believes and thereon alleges that each DOE

8  Defendant is in some manner legally responsible for the damages and injuries alleged herein.

9  Upon learning the true identity, nature and capacity of each DOE defendant, Plaintiff will amend

10  this complaint to allege same as well as the particular reasons for the liability of each such

11  identified DOE defendant.

12     5.     Plaintiffs are informed and believe and thereon allege that at all material times

13  alleged herein that the defendants, and each of them, were the agents, servants, and employees of

14  the other defendants, and each of them, and acting in the course and scope of their capacities as

15  the agent, servant and/or employee of each of the other defendants.

16

17                 **FIRST CAUSE OF ACTION**
                    **(Breach of Written Contract)**

18     6.     Plaintiff incorporates by reference each of the preceding paragraphs of this

19  complaint as though set forth herein in full.

20     7.     On or about May 18, 2007, THE HARTFORD COMPANY issued a policy of

21  automobile insurance to MTB Gear, Inc. dba The Bicycle Warehouse. The policy number was 37

22  UEG IQ2710, and had an effective date of May 18, 2007, and an expiration date of May 18, 2008

23  (herein after "THE POLICY"). A true and correct copy of the Automobile Insurance

24  Declarations Page for the policies are attached hereto as Exhibit "A" and Exhibit "B",

25  respectively.

26     8.     At all times herein mentioned, Michael and Debbe Simmons were the owners of

27  the vehicles outlined in the declarations page for the automobile insurance.

28  ///

9.      At all times herein mentioned, Michael and Debbe Simmons were the beneficiaries of the insurance, both for liability and uninsured/underinsured motorist provisions.

10.     Plaintiffs by and through MTB Gear, Inc., at all times herein, fully paid the premiums of insurance, up to and including and past the date of loss, and plaintiffs have otherwise performed all the terms and conditions of the insurance policy with THE HARTFORD. This insurance policy covered among other things, uninsured/underinsured motorist coverage for all the vehicles owned by plaintiffs with policy limits of $1,000,000 per occurrence.

12.     On or about August 25, 2007, while the insurance policy was in full force and effect, plaintiff, Michael Simmons, was riding a bicycle at or around the intersection of Genessee and Interstate 5. At that time and place, he was struck by a vehicle operated by Amanda Opaluch and suffered severe injuries. Medical expenses exceed $375,000. Further, he suffered breaks in his neck, legs, ribs, etc. He also suffers from a closed head brain injury which affects him to this day, and is expected to affect him for the rest of his life. Amanda Opaluch was deemed to be at fault in this accident, has accepted responsibility, and her insurance company, State Farm, has paid $50,000 as settlement which is also the policy limits for her insurance. Further, the deposition of Amanda Opaluch was taken, and it was determined at that deposition that she was not within the course or scope of employment or doing any errands for any other person or entity, and was solely the responsible party for this accident. Plaintiffs did file a separate personal injury action out of this accident, and settled this matter for the policy limits of $50,000.00.

13.     At all material times, at the time of the alleged collision, the plaintiff, Michael Simmons, insured his own vehicles with Hartford Insurance. He also was the named owner, along with his wife, Debbe Simmons. He did carry uninsured/underinsured motorist coverage, in the sum of $1,000,000.

14.     After settling their third-party claim with Amanda Opaluch and receiving payment of and exhausting the $50,000 policy limit, plaintiffs, Debbe and Michael Simmons, provided THE HARTFORD with proof that Ms. Opaluch was liable for causing the collision, and for plaintiff's injuries and damages, and proof that plaintiff received damages well in excess of $50,000, including past medical expenses of $375,000. They also provide proof that they had

1    exhausted the Opaluch liability limits all in support of a demand made for $950,000, plus a

2    demand for the $5,000 medical payments, which is also part of the above-captioned policy. This

3    number represents the difference between the underinsured motorist protection, and the $50,000

4    that the plaintiffs received from the Opaluch carrier, plus the $5,000 med pay.

5         15.    On or about July 8, 2007, THE HARTFORD and AL SMITH denied plaintiffs'

6    demand and has refused and continues to refuse to pay plaintiffs any sum whatsoever on

7    plaintiffs' claim. As such, The Hartford still owes the plaintiffs the sum of $950,000 representing

8    the difference between the underinsured motorist policy limit and the $50,000 he received from

9    Ms. Opaluch's carrier.

10        16.    As a proximate result of THE HARTFORD'S failure and refusal to pay Plaintiff as

11   herein alleged, Plaintiff has been damaged in the sum of $955,000, plus interest thereon at the

12   legal rate from and after the date of plaintiffs' demand for the same on June 1, 2005.

13

14                          **SECOND CAUSE OF ACTION**
                **(Breach of the Implied Covenant Good Faith and Fair Dealing)**

15        17.    Plaintiffs incorporate by reference each of the preceding paragraphs of this

16   Complaint as though set forth herein and in full.

17        18.    THE HARTFORD tortuously breached the implied covenant of good faith and fair

18   dealing arising out of the insurance policy issued to its insureds, the Simmons and MTB Gear,

19   Inc., under which the Simmons should be covered for the expanded coverage under the

20   underinsured motorist protection:

21              (a)    They unreasonably and without proper cause failed and refused to afford

22   coverage and/or to pay Plaintiffs' claim.

23              (b)    Unreasonably and without proper cause failed and refused to conduct a

24   reasonable investigation into the legal basis upon which THE HARTFORD and AL SMITH

25   denied coverage for the Plaintiffs' claim; and,

26              (c)    Unreasonably and without proper cause denied coverage on the basis that

27   the Plaintiffs sustained personal injuries while on a bicycle and was not alighting to and from or

28   occupying an automobile. This is despite the fact that plaintiffs were the owners of the vehicles

1  that are the subject of the insurance policy, that they were the named drivers of the subject

2  insurance policy, that the plaintiffs arc the sole owners of the corporation, MTB Gear, Inc., that

3  defendants knew that MTB Gear, is a bicycle company, and they knew that plaintiffs were avid

4  bicyclists, and that defendants knew that by simply naming the corporation as the insured, that

5  they would not have to pay any damages if they eventually occurred where the plaintiffs were

6  involved in a bicycle accident and were injured and suffered injuries that would have the

7  uninsured/underinsured motorist protection come into play.

8       19.    Defendant, THE HARTFORD and AL SMITH, wrongfully, unreasonably and

9  without proper cause denied coverage for Plaintiffs' claim and wrongfully, unreasonably and

10  without proper cause asserts that the Plaintiff was properly excluded from coverage. However,

11  THE HARTFORD has not cited any insurance code, case law, or any other official language that

12  supports the position that there isn't any coverage for underinsured motorist coverage for the

13  Plaintiffs.

14       20.    In response to THE HARTFORD's and AL SMITH'sdenial of Plaintiffs' claim,

15  Plaintiffs' attorney provided THE HARTFORD and AL SMITH with citations and California

16  authority, which made it clear for the purposes of affording underinsured motorist coverage for a

17  closely held corporation, that would apply in this case, i.e., when the owner of the corporation

18  was on a bicycle.

19       21.    Nevertheless, despite THE HARTFORD and AL SMITH being provided clear

20  authority, THE HARTFORD's and AL SMITH'S legal position is incorrect and unreasonable,

21  THE HARTFORD and AL SMITH continue to unreasonably and without proper cause deny

22  coverage for any payment of Plaintiffs' claim.

23       22.    As a proximate result of the above alleged conduct by THE HARTFORD and AL

24  SMITH, Plaintiffs have been damaged in the sum of $955,000, representing the difference

25  between $1,000,000 underinsured motorist policy limit and the $50,000 he has received from

26  Ms. Opaluch's carrier, plus $5,000 in medical payments that has not been paid by THE

27  HARTFORD, plus prejudgment interest.

28       23.    As a further result of the above-alleged conduct by THE HARTFORD and AL

1  SMITH, Plaintiffs have suffered damages for worry, anxiety, depression and general emotional

2  distress in an amount according to proof.

3      24.    As a further and proximate result of the conduct by THE HARTFORD and AL

4  SMITH, Plaintiffs have been required to retain an attorney to litigate this action to obtain

5  benefits due under them and has incurred attorneys fees and costs in an amount according to

6  proof.

7      25.    As a further and proximate result of the alleged conduction of THE HARTFORD,

8  THE HARTFORD should be punished in an amount of punitive damages in the amount to be

9  proved at trial.

10

11                          **THIRD CAUSE OF ACTION**
                              **(Declaratory Relief)**

12      26.    Plaintiff incorporates by reference each of the preceding paragraphs of this

13  complaint as though set forth herein in full.

14      27.    An actual controversy now exists between Defendant, THE HARTFORD, and the

15  Plaintiffs.  Defendants deny that they are they are a "person insured" under the policy and

16  therefore, excluded from coverage pursuant to their insurance policy.  Defendant contends that

17  Plaintiff was a bicycle rider at the time of the collision and since Plaintiff, Michael Simmons,

18  was actually not a named insured and MTB Gear, Inc. was the named insured at the time

19  accident, they are not expanded underinsured motorist coverage that would be in place if, indeed,

20  Michael Simmons was the actual named insured.  Plaintiffs contend that:

21          (a)  Defendants violated Insurance Code Section 11580.2 in that since Michael

22  and Debbe Simmons are the named owners of the automobiles on the named insurance policy,

23  that they are the named drivers of the automobiles on the named insurance policy, that they are,

24  indeed, the named insureds, and indeed, this being a closed corporation of the actual named

25  insureds which would give them the increased underinsured motorist benefits.

26          (b)  Plaintiffs contend that Defendants are impermissibly narrowing the scope

27  of the uninsured/underinsured motorist coverage required by Insurance Code Section 115890.2,

28  in that they did not offer uninsured plus underinsured motorist protection for the ownership of

1  the vehicle to the actual owners of the vehicle, i.e. Michael and Debbe Simmons.

2          (c)  Plaintiffs contend that the exclusion that the Defendants rely upon to deny

3  coverage is therefore inapplicable and unenforceable with respect to Plaintiffs' claim for

4  underinsured motorist coverage.

5      28.    By reason of this controversy, Plaintiffs request a declaration of the respective

6  rights duties, and obligations of the parties. Plaintiffs specifically request that the Court declare

7  that the Defendant has the duty to provide the expanded underinsured motorist coverage to the

8  Plaintiffs (i.e., to provide underinsured motorist coverage while he was riding a bicycle), that the

9  purported policy exclusion that Defendant relies upon is inapplicable and unenforceable with

10  respect to Plaintiffs' claim for underinsured motorist coverage to the Plaintiffs, that the exclusion

11  shall not operate to deny Plaintiffs underinsured motorist coverage under the policy.

12

13                    **FOURTH CAUSE OF ACTION**
                            **(Negligence)**

14      29.    Plaintiffs incorporate by reference each of the preceding paragraphs of this

15  complaint as though set forth herein and in full.

16      30.    Defendants, THE HARTFORD, LOCKTON AFFINITY, and CCA GLOBAL

17  PARTNERS, have a duty to provide appropriate insurance to Plaintiffs. Defendants, and each of

18  them, breached that duty by not specifically naming Debbe Simmons, Michael Simmons, as

19  named insureds in the policy. Defendant knew that Debbe Simmons and Michael Simmons were

20  the sole owners of MTB Gear, Inc., closely held corporation.

21      31.    Defendants knew that Debbe and Michael Simmons owned the three vehicles that

22  are named in the declaration page, both individually and with the corporation.

23      32.    Defendants knew that Debbe and Michael Simmons were named drivers for those

24  three vehicles. Further, Defendants made it mandatory that the plaintiffs provide the names of

25  the drivers before issuing the insurance policy.

26      33.    As a result of the breach of the standard of care for both the broker and the

27  insurance company, damage was caused to the Plaintiff as follows:

28          (a)     They have had to hire an attorney to litigate this matter, and therefore,

1  have incurred attorney's fees and costs.

2  (b)  They have not obtained the benefits of the underinsured motorist

3  coverage, plus the medical payments of $5,000, to the tune of $955,000.

4

5  ## FIFTH CAUSE OF ACTION
   ### (Reformation of Contract)

6  34.  Plaintiffs incorporate by reference each of the preceding paragraphs of this

7  complaint as though set forth herein and in full.

8  35.  Plaintiffs negotiated with THE HARTFORD to obtain coverage and liability and

9  uninsured/underinsured motorist coverage for their automobiles. Plaintiffs advised Defendants

10  that they were a company that sold bicycles, and indeed, advised the insurance companies that

11  they rode bicycles. Indeed, the insurance brokerage firm that obtained the insurance for the

12  Plaintiffs, has a specialty with dealing with liability insurance for the bicycle industry. As a

13  result, it was known that the Simmons' wanted insurance for both their corporation and for them

14  personally. Specifically, the Simmons' wanted to make sure that they were covered in case a

15  person injured them in an automobile accident, and therefore purchased a policy of $1,000,000.

16  It was believed by the Defendants that if they did not name the Simmons personally, that they

17  could minimize the uninsured motorist protection for which the Simmons purchased. The

18  Defendants were either fraudulent in not placing the Simmons' name on the insurance policy as

19  named insureds, or they were mistaken in not naming them as insureds after being given all the

20  information concerning the ownership and of the vehicles and the drivers of said vehicles.

21  Therefore, Plaintiffs request that this Court reform the contract and name the Plaintiffs as named

22  insureds to obtain the benefits for which they are entitled. Further, at the time of the formation

23  of this contract, they would not have any increase in premium to the Plantiffs, if, indeed, they

24  have been the named insureds.

25

26  ## SIXTH CAUSE OF ACTION
   ### (Breach of Contract – Failure to Provide Coverage)

27  Defendants, CCA GLOBAL PARTNERS AND LOCKTON AFFINITY, entered into a

28  contract with plaintiffs to provide insurance coverage for Debbe and Michael Simmons. This

1    coverage would include liability, and also, uninsured/underinsured motorist protection for both

2    Debbe and Michael Simmons, who were the sole owners of MTB Gear, Inc., and also the owners

3    of at least two of the vehicles named in the declaration page of the HARTFORD INSURANCE

4    policy.   Defendants, CCA GLOBAL PARTNERS AND LOCKTON AFFINITY, agreed to

5    provide coverage as described above.   Further, CCA GLOBAL PARTNERS AND LOCKTON

6    AFFINITY, knew that MTB Gear, Inc., was a company that sold bicycles.   Further, they knew that

7    plaintiffs were avid bicycle riders.   They were also advised by plaintiffs that they wanted as much

8    coverage as they could afford, not only for liability, but also for themselves, in case they were

9    involved in an accident.   Both defendants breached their contract in that they did not provide

10   coverage in case Debbe or Michael Simmons were involved in an auto/pedestrian/bicycle

11   accident.   That is, indeed, one of the named plaintiffs in this matter was involved in an accident

12   and was injured as a result of an automobile striking them while Michael Simmons was riding a

13   bicycle.   Plaintiffs have performed each and every obligation under their contract.   Defendants

14   breached their contract by not affording the coverage they promised as outlined above (i.e.,

15   underinsured motorist for Michael and Debbe Simmons personally).   As a result of the breach of

16   contract, plaintiffs have been damaged in a sum to be proved at trial.   Further, as a result of this

17   breach of contract, plaintiffs had to employ an attorney and acquired attorney's fees in an amount

18   to be proved at trial.

19

20                              **PRAYER**

21         WHEREFORE, Plaintiffs pray as follows:

22         1.    For damages for breach of contract in the amount of $955,000.00;

23         2.    For prejudgment interest in an amount according to proof;

24         3.    For general damages for worry, anxiety, depression and general emotional distress in

25   an amount according to proof;

26         4.    For attorneys fees and costs incurred in obtaining policy benefits in an amount

27   according to proof;

28   ///

                                    9
                     FIRST AMENDED COMPLAINT FOR DAMAGES

5.     For a declaration by the Court that the Defendant has a duty to provide underinsured motorist coverage to the Plaintiffs, that the purported policy exclusion Defendant relies upon is inapplicable and unenforceable with respect to Plaintiffs' claim for underinsured motorist coverage, and that the exclusion shall not operate to deny Plaintiffs underinsured motorist coverage under the policy;

6.     For reformation of the contract to include Plaintiffs as the named insured;

7.     For costs of suit incurred herein; and

8.     For such other and further relief as the Court may deem just and proper.

Dated: August 22, 2008                    LAW OFFICES OF ELLIOTT N. KANTER

_____
Elliott N. Kanter
Attorney for Plaintiffs MICHAEL SIMMONS
and DEBBE SIMMONS

# EXHIBIT "A"

# Special Multi-Flex
## POLICY
From The Hartford



This SPECIAL MULTI-FLEX POLICY is provided by the insurance company(s) - The Hartford Insurance Group, shown below.

# COMMON POLICY DECLARATIONS

POLICY NUMBER: 37 UEG IQ2710   DV
RENEWAL OF:  37 UEG IQ2710

**THE HARTFORD**

Named Insured and Mailing Address:            MTB GEAR, INC.
(No., Street, Town, State, Zip Code)          DBA BICYCLE WAREHOUSE
                                              4650 SANTA FE ST
                                              SAN DIEGO          , CA 92109
                                              (SAN DIEGO COUNTY)

Policy Period:                From  05/18/07   To  05/18/08
                              12:01 A.M., Standard time at your mailing address shown above.

In return for the payment of the premium, and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy. The Coverage Parts that are a part of this policy are listed below. The Advance Premium shown may be subject to adjustment.

                                       Total Advance Premium:          $7,060.00

Coverage Part and Insurance Company Summary                          Advance Premium

IN RECOGNITION OF THE MULTIPLE COVERAGES INSURED WITH THE HARTFORD, YOUR
POLICY PREMIUM INCLUDES AN ACCOUNT CREDIT.

COMMERCIAL AUTO
HARTFORD FIRE INSURANCE COMPANY
HARTFORD PLAZA
HARTFORD, CONNECTICUT 06115                                            $7,060.00

Form Numbers of Coverage Parts, Forms and Endorsements that are a part of this policy and that are not listed in the Coverage Parts.

HM0001 IL00171198 IL00210702 IL02701104 HA00250302

Agent/Broker Name: LOCKTON RISK SRVCS INC/CCA/PHS

This policy is not binding unless countersigned by our Authorized Representative.

Countersigned by    _Margue K. Ape_                    04/18/07

00585

*15002371Q2710001Q1



# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. Cancellation

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. Changes

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. Inspections And Surveys

1. We have the right to:

   a. Make inspections and surveys at any time;

   b. Give you reports on the conditions we find; and

   c. Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   a. Are safe or healthful; or

   b. Comply with laws, regulations, codes or standards.

3. Paragraphs 1. and 2. of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph 2. of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

IL 00 21 07 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

    A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

    C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

IL 02 70 11 04

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CALIFORNIA CHANGES - CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

    BOILER AND MACHINERY COVERAGE PART
    CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
    COMMERCIAL AUTOMOBILE COVERAGE PART
    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    COMMERCIAL INLAND MARINE COVERAGE PART
    COMMERCIAL PROPERTY COVERAGE PART
    CRIME AND FIDELITY COVERAGE PART
    EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
    FARM COVERAGE PART
    LIQUOR LIABILITY COVERAGE PART
    POLLUTION LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
    PROFESSIONAL LIABILITY COVERAGE PART

A.  Paragraphs 2. and 3. of the Cancellation Common Policy Condition are replaced by the following:

2.  **All Policies In Effect For 60 Days Or Less:**

    If this policy has been in effect for 60 days or less, and is not a renewal of a policy we have previously issued, we may cancel this policy by mailing or delivering to the first Named Insured at the mailing address shown in the policy and to the producer of record, advance written notice of cancellation, stating the reason for cancellation, at least:

    a.  10 days before the effective date of cancellation if we cancel for:

        (1) Nonpayment of premium; or

        (2) Discovery of fraud by:

            (a) Any insured or his or her representative in obtaining this insurance; or

            (b) You or your representative in pursuing a claim under this policy.

    b.  30 days before the effective date of cancellation if we cancel for any other reason.

3.  **All Policies In Effect For More Than 60 Days**

    a.  If this policy has been in effect for more than 60 days, or is a renewal of a policy we issued, we may cancel this policy only upon the occurrence, after the effective date of the policy, of one or more of the following:

        (1) Nonpayment of premium, including payment due on a prior policy we issued and due during the current policy term covering the same risks.

        (2) Discovery of fraud or material misrepresentation by:

            (a) Any insured or his or her representative in obtaining this insurance; or

            (b) You or your representative in pursuing a claim under this policy.

        (3) A judgment by a court or an administrative tribunal that you have violated a California or Federal law, having as one of its necessary elements an act which materially increases any of the risks insured against.

        (4) Discovery of willful or grossly negligent acts or omissions, or of any violations of state laws or regulations establishing safety standards, by you

*1500237IQ27100101   0058B

2. **Residential Property**

This provision applies to coverage on real property used predominantly for residential purposes and consisting of not more than four dwelling units, and to coverage on tenants' household property contained in a residential unit, if such coverage is written under one of the following:

Capital Assets Program (Output Policy) Coverage Part

Commercial Property Coverage Part

Farm Coverage Part - Farm Property - Farm Dwellings, Appurtenant Structures And Household Personal Property Coverage Form.

a. We may elect not to renew such coverage for any reason, except as provided in **b., c.** and **d.** below:

b. We will not refuse to renew such coverage solely because the first Named Insured has accepted an offer of earthquake coverage.

However, the following applies only to insurers who are associate participating insurers as established by Cal. Ins. Code Section 10089.16. We may elect not to renew such coverage after the first Named Insured has accepted an offer of earthquake coverage, if one or more of the following reasons applies:

(1) The nonrenewal is based on sound underwriting principles that relate to the coverages provided by this policy and that are consistent with the approved rating plan and related documents filed with the Department of Insurance as required by existing law;

(2) The Commissioner of Insurance finds that the exposure to potential losses will threaten our solvency or place us in a hazardous condition. A hazardous condition includes, but is not limited to, a condition in which we make claims payments for losses resulting from an earthquake that occurred within the preceding two years and that required a reduction in policyholder surplus of at least 25% for payment of those claims; or

(3) We have:

(a) Lost or experienced a substantial reduction in the availability or scope of reinsurance coverage; or

(b) Experienced a substantial increase in the premium charged for reinsurance coverage of our residential property insurance policies; and

the Commissioner has approved a plan for the nonrenewals that is fair and equitable, and that is responsive to the changes in our reinsurance position.

c. We will not refuse to renew such coverage solely because the first Named Insured has cancelled or did not renew a policy, issued by the California Earthquake Authority that included an earthquake policy premium surcharge.

d. We will not refuse to renew such coverage solely because corrosive soil conditions exist on the premises. This restriction (d.) applies only if coverage is subject to one of the following, which exclude loss or damage caused by or resulting from corrosive soil conditions:

(1) Capital Assets Program Coverage Form (Output Policy);

(2) Commercial Property Coverage Part - Causes Of Loss - Special Form; or

(3) Farm Coverage Part - Causes Of Loss Form - Farm Property, Paragraph D. Covered Causes Of Loss - Special.

3. We are not required to send notice of nonrenewal in the following situations:

a. If the transfer or renewal of a policy, without any changes in terms, conditions, or rates, is between us and a member of our insurance group.

b. If the policy has been extended for 90 days or less, provided that notice has been given in accordance with Paragraph C.1.

c. If you have obtained replacement coverage, or if the first Named Insured has agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

d. If the policy is for a period of no more than 60 days and you are notified at the time of issuance that it will not be renewed.

e. If the first Named Insured requests a change in the terms or conditions of risks covered by the policy within 60 days of the end of the policy period.

f. If we have made a written offer to the first Named Insured, in accordance with the timeframes shown in Paragraph C.1., to renew the policy under changed terms or conditions or at an increased premium rate, when the increase exceeds 25%.

# Quick Reference
# Commercial Auto Coverage Part
# Business Auto Coverage Form

## READ YOUR POLICY CAREFULLY

## BUSINESS AUTO COVERAGE FORM DECLARATIONS

- Named Insured And Address
- Coverages, Covered Autos And Limits Of Insurance
- Rating Exposures, Rates And Estimated Premium

## BUSINESS AUTO COVERAGE FORM

Beginning on Page

**PREAMBLE**

- Definitions of "You" and "We" .......................... 1

**SECTION I - Covered Autos**

- Description of Covered Auto Designation Symbols .......................... 1
- Owned Autos You Acquire After the Policy Begins .......................... 2
- Certain Trailers, Mobile Equipment And Temporary Substitute Autos .......................... 2

**SECTION II - Liability Coverage**

- Coverage .......................... 2
- Who Is An Insured .......................... 2
- Coverage Extensions
  - Supplementary Payments .......................... 3
  - Out of State Coverage Extensions .......................... 3
- Exclusions .......................... 3
- Limit of Insurance .......................... 5

**SECTION III - Physical Damage Coverage**

- Coverage .......................... 5
- Exclusions .......................... 6
- Limit of Insurance .......................... 7
- Deductible .......................... 7

Beginning on Page

**SECTION IV - Business Auto Conditions**

- Loss Conditions
  - Appraisal For Physical Damage Loss .......................... 7
  - Duties In The Event of Accident, Claim, Suit or Loss .......................... 7
  - Legal Action Against Us .......................... 8
  - Loss Payment - Physical Damage Coverages .......................... 8
  - Transfer Of Rights Of Recovery Against Others To Us .......................... 8
- General Conditions
  - Bankruptcy .......................... 8
  - Concealment, Misrepresentation Or Fraud .......................... 8
  - Liberalization .......................... 8
  - No Benefit To Bailee - Physical Damage Coverages .......................... 8
  - Other Insurance .......................... 8
  - Premium Audit .......................... 9
  - Policy Period, Coverage Territory .......................... 9
  - Two Or More Coverage Forms Or Policies Issued By Us .......................... 9

**SECTION V - Definitions** .......................... 9

*1500237IQ27100101 00590

# COMMERCIAL AUTOMOBILE COVERAGE PART - DECLARATIONS BUSINESS AUTO COVERAGE FORM



**THE HARTFORD**

POLICY NUMBER: 37 UEG IQ2710

This COMMERCIAL AUTOMOBILE COVERAGE PART consists of:

A. This Declarations Form;
B. Business Auto Coverage Form; and
C. Any Endorsements issued to be a part of this Coverage Form and listed below.

## ITEM ONE - NAMED INSURED AND ADDRESS

The Named Insured is stated on the Common Policy Declarations.

**ADVANCE PREMIUM: $    7,060.00**

AUDIT PERIOD:

Except in this Declarations, when we use the word "Declarations" in this Coverage Part, we mean this "Declarations" or the "Common Policy Declarations."

Form Numbers of Coverage Forms, Endorsements and Schedules that are part of this Coverage Part:

| | | | | |
|---|---|---|---|---|
| HA00040302 | HA00120200T | CA00011001 | HA21020692 | CA04240505 |
| CA21540505 | CA00381202 | CA01430505 | CA20380297 | CA99231293 |
| HA00241290 | HA99040187 | HA99081290 | HA99160302 | |

**COMMERCIAL AUTOMOBILE**
**COVERAGE PART - DECLARATIONS**
**BUSINESS AUTO COVERAGE FORM (Continued)**

POLICY NUMBER: 37 UEG IQ2710

---

**ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS (Continued)**

---

| Coverages | Covered Autos | Limit<br>The Most We Will Pay for Any One Accident or Loss | Advance Premium |
|---|---|---|---|
| PHYSICAL DAMAGE | | See ITEM FOUR for hired or borrowed "autos". | |
| COMPREHENSIVE COVERAGE | 02 | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $          312.00 |
| SPECIFIED CAUSES OF LOSS COVERAGE | | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus $              deductible for each covered "auto" for "loss" caused by mischief or vandalism. | |
| COLLISION COVERAGE | 02 | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $          874.00 |
| TOWING AND LABOR | | $        or the amount separately stated for each "auto" in ITEM THREE, whichever is greater, for each disablement. | |

|  |  |  |
|---|---|---|
| Endorsement Premium<br>(Not included above) | $ | 56.00 |
| **TOTAL ADVANCE PREMIUM:** | $ | 7,060.00 |

*1500237IQ27100101   00592

# SCHEDULE OF COVERED AUTOS YOU OWN
# (ITEM THREE OF THE DECLARATIONS)



**POLICY NUMBER:** 37 UEG IQ2710

Absence, if any, of a limit entry below means that the limit entry shown in the corresponding ITEM TWO of the Declarations Limit Column applies instead.

---

```
NO. 00001      92 ISUZU          BOX VAN              ID NO. JALB4B1K4N7007040
GARAGED: SAN DIEGO               CA TERR: 041   CLASS: 03199
ORIG. COST NEW: $ 17,000
TAX LOC:       ZIP CODE: 92109        RADIUS: L   SIZE:   10000

COVERAGES:                       SEQ. NO. 00001                    PREMIUMS
   LIABILITY                                                  $ 1,303.00
   AUTO MEDICAL PAYMENTS               $ 5,000 EACH "INSURED"  $    73.00
   UNINSURED MOTORISTS                                         $   129.00
   COMPREHENSIVE   $    250 DEDUCTIBLE                         $    53.00
   COLLISION       $    500 DEDUCTIBLE                         $   103.00
```

---

```
NO. 00002      05 LINC           AVIATOR              ID NO. 5LMEU68H55ZJ05023
GARAGED: SAN DIEGO               CA TERR: 041   CLASS: 03199
ORIG. COST NEW: $ 42,089
TAX LOC:       ZIP CODE: 92115        RADIUS: L   SIZE:    9000

COVERAGES:                       SEQ. NO. 00003                    PREMIUMS
   LIABILITY                                                  $ 1,303.00
   AUTO MEDICAL PAYMENTS               $ 5,000 EACH "INSURED"  $    73.00
   UNINSURED MOTORISTS                                         $   129.00
   COMPREHENSIVE   $    250 DEDUCTIBLE                         $   111.00
   COLLISION       $    500 DEDUCTIBLE                         $   412.00
   ENDORSEMENT PREMIUM
      RENTAL REIMBURSEMENT                                     $    28.00
```

---

```
NO. 00003      05 FORD           F150                 ID NO. 1FTPW12585FA23865
GARAGED: SAN DIEGO               CA TERR: 041   CLASS: 03199
ORIG. COST NEW: $ 37,318
TAX LOC:       ZIP CODE: 92115        RADIUS: L   SIZE:   10000

COVERAGES:                       SEQ. NO. 00004                    PREMIUMS
   LIABILITY                                                  $ 1,303.00
   AUTO MEDICAL PAYMENTS               $ 5,000 EACH "INSURED"  $    73.00
   UNINSURED MOTORISTS                                         $   129.00
   COMPREHENSIVE   $    250 DEDUCTIBLE                         $   103.00
   COLLISION       $    500 DEDUCTIBLE                         $   279.00
   ENDORSEMENT PREMIUM
      RENTAL REIMBURSEMENT                                     $    28.00
```

---

*150023 7IQ27100101 00593*

COMMERCIAL AUTO
CA 00 01 10 01

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

00594

*1500237TQ271.00101

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

2. Coverage Extensions

a. Supplementary Payments

In addition to the Limit of Insurance, we will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

b. Out-Of-State Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. Exclusions

This insurance does not apply to any of the following:

1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

2. Contractual

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

3. Workers' Compensation

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. Employee Indemnification And Employer's Liability

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

Paragraphs b. and c. above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

## SECTION III – PHYSICAL DAMAGE COVERAGE

**A. Coverage**

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. **Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. **Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. **Collision Coverage**

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. **Towing**

We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

3. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

*150023TIQ27100101*   00596

Exclusions 4.c. and 4.d. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

**C. Limit Of Insurance**

1. The most we will pay for "loss" in any one "accident" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of the "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

a. During the policy period shown in the Declarations; and

b. Within the coverage territory.

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico;

d. Canada; and

e. Anywhere in the world if:

   (1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

   (2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

8. **Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION V – DEFINITIONS

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means a land motor vehicle, "trailer" or semitrailer designed for travel on public roads but does not include "mobile equipment".

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

D. "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement; or

2. Any claim or "suit" by or on behalf of a governmental authority demanding

that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   a. That are, or that are contained in any property that is:

      (1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

      (2) Otherwise in the course of transit by or on behalf of the "insured";

      (3) Being stored, disposed of, treated or processed in or upon the covered "auto";

*1500237IQ27100101   00598

K. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2. Vehicles maintained for use solely on or next to premises you own or rent;

3. Vehicles that travel on crawler treads;

4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   a. Power cranes, shovels, loaders, diggers or drills; or

   b. Road construction or resurfacing equipment such as graders, scrapers or rollers.

5. Vehicles not described in Paragraphs 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   b. Cherry pickers and similar devices used to raise or lower workers.

6. Vehicles not described in Paragraphs 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. Equipment designed primarily for:

      (1) Snow removal;

      (2) Road maintenance, but not construction or resurfacing; or

      (3) Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

L. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. "Property damage" means damage to or loss of use of tangible property.

N. "Suit" means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage"; or

2. A "covered pollution cost or expense",

to which this insurance applies, are alleged.

"Suit" includes:

   a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

O. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

P. "Trailer" includes semitrailer.

POLICY NUMBER: 37 UEG IQ2. J



**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# SCHEDULE OF LIMITS UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    TRUCKERS COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |

                                   (Authorized Representative)

The Limit shown in ITEM TWO of the Declarations for Uninsured Motorists Coverage and for Underinsured Motorists Coverage (when not included in Uninsured Motorists Coverage) is replaced by the limits shown below for the state indicated.

<div align="center">SCHEDULE</div>

| COVERAGE | LIMIT | | STATE |
|---|---|---|---|
| UNINSURED MOTORISTS | $ 1,000 ,000 each "accident" | | CA |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| UNDERINSURED MOTORISTS (when not included in Uninsured Motorists Coverage) | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |

*1500237IQ271000101 · 00600

POLICY NUMBER:                                                    COMMERCIAL AUTO
                                                                 CA 21 54 05 05

### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# CALIFORNIA UNINSURED MOTORISTS COVERAGE - BODILY INJURY

For a covered "auto" licensed or principally garaged in or "garage operations" conducted in California this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| Named Insured: |
| Endorsement Effective Date: |
| **Countersignature Of Authorized Representative** |
| Name: |
| Title: |
| Signature: |
| Date: |

### SCHEDULE

#### Limit Of Insurance

$                               Each "Accident"

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A. Coverage

  1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

  2. We will pay only after the limits of liability under any liability bonds or policies have been exhausted by payment of judgments or settlements

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.

E. Changes In Conditions

The Conditions are changed for California Uninsured Motorists Coverage -- Bodily Injury as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved; and

   b. Send us copies of the legal papers if a "suit" is brought. In addition, a person seeking coverage under Paragraph b. of the definition of "uninsured motor vehicle" must:

      (1) Provide us with a copy of the complaint by personal service or certified mail if the "insured" brings an action against the owner or operator of such "uninsured motor vehicle";

      (2) Within a reasonable time, make all pleadings and depositions available for copying by us or furnish us copies at our expense; and

      (3) Provide us with proof that the limits of insurance under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.

2. **Legal Action Against Us** is replaced by the following:

   No legal action may be brought against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form and with respect to Paragraphs a., c. and d. of the definition of "uninsured motor vehicle" unless within two years from the date of the "accident":

   a. Agreement as to the amount due under this insurance has been concluded;

   b. The "insured" has formally instituted arbitration proceedings against us. In the event that the "insured" decides to arbitrate, the "insured" must formally begin arbitration proceedings by notifying us in writing, sent by certified mail, return receipt requested; or

   c. "Suit" for "bodily injury" has been filed against the uninsured motorist in a court of competent jurisdiction.

   Written notice of the "suit" must be given to us within a reasonable time after the "insured" knew, or should have known, that the other motorist is uninsured. In no event will such notice be required before two years from the date of the accident. Failure of the "insured" or his or her representative to give us such notice of the "suit" will relieve us of our obligations under this Coverage Form only if the failure to give notice prejudices our rights.

3. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. With respect to Paragraphs a., c. and d. of the definition of "uninsured motor vehicle", if we make any payment, we are entitled to recover what we paid from other parties. Any person to or for whom we make payment must transfer to us his or her rights of recovery against any other party. This person must do everything necessary to secure these rights and must do nothing that would jeopardize them.

   b. With respect to Paragraph b. of the definition of "uninsured motor vehicle", if we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance -- Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.

COMMERCIAL AUTO
CA 00 38 12 02

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAR EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
SINGLE INTEREST AUTOMOBILE PHYSICAL DAMAGE INSURANCE POLICY
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

The War exclusion under Paragraph B. Exclusions of Section II – Liability Coverage is replaced by the following:

WAR

"Bodily injury", "property damage" or "covered pollution cost or expense" arising directly or indirectly, out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**B. Changes In Garagekeepers Coverage**

If the Garagekeepers Coverage endorsement or the Garagekeepers Coverage -- Customers' Sound Receiving Equipment endorsement is attached, the following exclusion is added:

We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

WAR

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Changes In Auto Medical Payments**

If the Auto Medical Payments Coverage endorsement is attached, then Exclusion C.6. is replaced by the following:

6. "Bodily Injury", arising directly or indirectly, out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**D. Changes In Uninsured/Underinsured Motorists Coverage**

If Uninsured and/or Underinsured Motorists Coverage is attached, then the following exclusion is added:

This Insurance does not apply to:

WAR

1. "Bodily injury" or "property damage", if applicable, arising directly or indirectly, out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

COMMERCIAL AUTO
CA 01 43 05 05

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# CALIFORNIA CHANGES

For a covered "auto" licensed or principally garaged in or "garage operations" conducted in California this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. The term "spouse" is replaced by the following:

Spouse or registered domestic partner under California law.

B. The **Other Insurance** Condition is changed by adding the following:

d. When this Coverage Form and any other Coverage Form or policy providing liability coverage apply to an "auto" and:

1. One provides coverage to a Named Insured engaged in the business of selling, repairing, servicing, delivering, testing, road-testing, parking or storing "autos", and

2. The other provides coverage to a person not engaged in that business, and

3. At the time of an "accident", a person described in **2.** is operating an "auto" owned by the business described in **1.**, then that person's liability coverage is primary and the Coverage Form issued to a business described in **1.** is excess over any coverage available to that person.

e. When this Coverage Form and any other Coverage Form or policy providing liability coverage apply to an "auto" and:

1. One provides coverage to a Named Insured engaged in the business of selling, repairing, servicing, delivering, testing, road-testing, parking or storing "autos", and

2. The other provides coverage to a person not engaged in that business, and

3. At the time of an "accident" an "insured" under the Coverage Form described in **1.** is operating an "auto" owned by a person described in **2.**, then the Coverage Form issued to the business described in **1.** is primary and the Liability Coverage issued to a person described in **2.** is excess over any coverage available to the business.

COMMERCIAL AUTO
CA 04 24 05 05

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# CALIFORNIA AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

### A. Coverage

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

### B. Who Is An Insured

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

### C. Exclusions

This insurance does not apply to any of the following:

1. "Bodily Injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily Injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" caused by declared or undeclared war or insurrection or any of their consequences.

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

*15002371Q27100101   00605

COMMERCIAL AUTO
CA 20 38 02 97

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CALIFORNIA - LEASING OR RENTAL CONCERNS - PRIMACY OF COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A.  The **Other Insurance** Condition in the Business Auto Coverage Form and the **Other Insurance - Primary And Excess Insurance Provisions** in the Truckers Coverage Form, are changed by adding the following:

1.  Notwithstanding Paragraph a. in the Business Auto Coverage Form and Paragraphs a. and c. in the Truckers Coverage Form, when this Coverage Form and any other Coverage Form or policy providing liability coverage apply to a "commercial vehicle" and:

a.  One provides such coverage to a Named Insured engaged in the business of renting or leasing "commercial vehicles" without operators, and

b.  The other provides such coverage to a person not engaged in that business, and

c.  At the time of an "accident", a person who is not the Named Insured of the policy described in Paragraph A.1.b., and who is not the agent or employee of such Named Insured is operating a "commercial vehicle" provided by the business covered by the Coverage Form or policy described in Paragraph A.1.a., then the liability coverage provided by the Coverage Form or policy described in Paragraph A.1.b. is primary, and the liability coverage provided by the Coverage Form or policy described in Paragraph A.1.a. is excess over any coverage available to that person.

B.  As used in this endorsement:

"Commercial vehicle" means an "auto" of a type required to be registered under the California Vehicle Code, and:

1.  Used or maintained for the transportation of persons for hire, compensation or profit, other than a van pool vehicle;

2.  Designed, used or maintained primarily for the transportation of property; or

3.  Leased for a period of six months or more.

POLICY NUMBER: 37 UEG IQ2. .J

COMMERCIAL AUTO
CA 99 23 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# RENTAL REIMBURSEMENT COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |

(Authorized Representative)

## SCHEDULE

### SEE SUBSEQUENT PAGE

| Coverages | Auto No. | Designation or Description of Covered "Autos" to which this insurance applies | Any One Day | No. of Days | Any One Period | Premium |
|---|---|---|---|---|---|---|
| | | | | Maximum Payment Each Covered "Auto" | | |
| Comprehensive | 1 | | $ | | $ | $ |
| | 2 | | $ | | $ | $ |
| Collision | 1 | | $ | | $ | $ |
| | 2 | | $ | | $ | $ |
| Specified | 1 | | $ | | $ | $ |
| Causes of Loss | 2 | | $ | | $ | $ |

Total Premium

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A.** This endorsement provides only those coverages where a premium is shown in the Schedule. It applies only to a covered "auto" described or designated in the Schedule.

**B.** We will pay for rental reimbursement expenses incurred by you for the rental of an "auto" because of "loss" to a covered "auto". Payment applies in addition to the otherwise applicable amount of each coverage you have on a covered "auto." No deductibles apply to this coverage.



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CHANGES IN HIRED CAR PHYSICAL DAMAGE - LIMIT OF INSURANCE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
TRUCKERS COVERAGE FORM
TRUCKERS ENDORSEMENT

A. The BUSINESS AUTO COVERAGE FORM is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations

2. Paragraph b. of the OTHER INSURANCE Condition does not apply to Hired Auto Physical Damage Coverage.

B. The GARAGE COVERAGE FORM is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations.

2. Paragraph b. of the OTHER INSURANCE Condition regarding Hired Auto Physical Damage Coverage does not apply

C. The TRUCKERS COVERAGE FORM is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations.

2. Paragraph d. of the OTHER INSURANCE - PRIMARY AND EXCESS INSURANCE Condition regarding Hired Auto Physical Damage does not apply.

D. The TRUCKERS ENDORSEMENT is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations.

2. Paragraph d. of the OTHER INSURANCE Condition regarding Hired Auto Physical Damage Coverage does not apply.

**POLICY NUMBER:**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# MEXICO COVERAGE

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**
**GARAGE COVERAGE FORM**
**TRUCKERS COVERAGE FORM**

| Endorsement effective | |
| --- | --- |
| Named insured | Countersigned by |

(Authorized Representative)

The coverage provided by this policy will apply while your covered "auto" is being used in the Republic of Mexico for no more than 10 days at any one time.  However, such coverage shall be excess over any other collectible insurance.

**WARNING:  The Republic of Mexico considers an auto accident a criminal offense as well as a civil matter.**

Unless you have automobile insurance written by a Mexican Insurance Company, you may spend many hours or days in jail if you have an accident in Mexico.  Insurance coverage should be secured from a company licensed under the laws of Mexico to write such insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.



**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# POLLUTION LIABILITY COVERAGE
# PRIVATE PASSENGER TYPE AUTOS

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**
**GARAGE COVERAGE FORM**
**TRUCKERS COVERAGE FORM**

**Section I**

A. The **BUSINESS AUTO COVERAGE FORM** is changed as follows:

For LIABILITY COVERAGE for "private passenger type autos", paragraph **a.** of the POLLUTION EXCLUSION applies only to liability assumed under a contract or agreement.

B. The **TRUCKERS COVERAGE FORM** is changed as follows:

For LIABILITY COVERAGE for "private passenger type autos", paragraph **a.** of the POLLUTION EXCLUSION applies only to liability assumed under a contract or agreement.

C. The **GARAGE COVERAGE FORM** is changed as follows:

For LIABILITY COVERAGE for "private passenger type autos", paragraph **a.** of the POLLUTION EXCLUSION APPLICABLE TO "GARAGE OPERATIONS" - COVERED "AUTOS" applies only to liability assumed under a contract or agreement.

**Section II**

The following is added to the DEFINITIONS Section:

"Private passenger type auto" means a private passenger or station wagon type "auto" and includes an "auto" of the pick-up or van type if not used for business purposes.  If you are an individual, business purposes does not include farming or ranching.

COMMERCIAL AUTOMOBILE

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## COMMERCIAL AUTOMOBILE BROAD FORM ENDORSEMENT

This endorsement modifies insurance provided under the following:

### BUSINESS AUTO COVERAGE FORM

To the extent that the provisions of this endorsement provide broader benefits to the "insured" than other provisions of the Coverage Form, the provisions of this endorsement apply.

### 1.  BROAD FORM INSURED

**A.  Subsidiaries and Newly Acquired or Formed Organizations**

The Named Insured shown in the Declarations is amended to include:

(1) Any legally incorporated subsidiary in which you own more than 50% of the voting stock on the effective date of the Coverage Form.  However, the Named Insured does not include any subsidiary that is an "insured" under any other automobile policy or would be an "insured" under such a policy but for its termination or the exhaustion of its Limit of Insurance.

(2) Any organization that is acquired or formed by you and over which you maintain majority ownership.  However, the Named Insured does not include any newly formed or acquired organization:

(a) That is a partnership, joint venture or limited liability company

(b) That is an "insured" under any other policy,

(c) That has exhausted its Limit of Insurance under any other policy, or

(d) 180 days or more after its acquisition or formation by you, unless you have given us notice of the acquisition or formation.

Coverage does not apply to "bodily injury" or "property damage" that results from an "accident" that occurred before you formed or acquired the organization.

**B.  Employees as Insureds**

Paragraph A.1. - WHO IS AN INSURED - of SECTION  II  -  LIABILITY  COVERAGE  is amended to add:

d. Any "employee" of yours while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

**C.  Lessors as Insureds**

Paragraph A.1. - WHO IS AN INSURED - of Section II - Liability Coverage is amended to add:

e. The lessor of a covered "auto" while the "auto" is leased to you under a written agreement if:

(1) The agreement requires you to provide direct primary insurance for the lessor and

(2) The "auto" is leased without a driver.

Such a leased "auto" will be considered a covered "auto" you own and not a covered "auto" you hire.

### 2.  AUTOS RENTED BY EMPLOYEES

Any "auto" hired or rented by your "employee" on your behalf and at your direction will be considered an "auto" you hire.

The OTHER INSURANCE Condition is amended by adding the following:

If an "employee's" personal insurance also applies on an excess basis to a covered "auto" hired or rented by your "employee" on your behalf and at your direction, this insurance will be primary to the "employee's" personal insurance.

**11. TWO OR MORE DEDUCTIBLES**

Under Paragraph D. - DEDUCTIBLE - of SECTION III - PHYSICAL DAMAGE COVERAGE, the following is added:

If another Hartford Financial Services Group, Inc. company policy or coverage form that is not an automobile policy or coverage form applies to the same "accident", the following applies:

(1) If the deductible under this Business Auto Coverage Form is the smaller (or smallest) deductible, it will be waived;

(2) If the deductible under this Business Auto Coverage Form is not the smaller (or smallest) deductible, it will be reduced by the amount of the smaller (or smallest) deductible.

**12. AMENDED DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS**

The requirement in LOSS CONDITIONS 2.a. - DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS - of SECTION IV - BUSINESS AUTO CONDITIONS that you must notify us of an "accident" applies only when the "accident" is known to:

(1) You, if you are an individual;

(2) A partner, if you are a partnership;

(3) A member, if you are a limited liability company; or

(4) An executive officer or insurance manager, if you are a corporation.

**13. UNINTENTIONAL FAILURE TO DISCLOSE HAZARDS**

If you unintentionally fail to disclose any hazards existing at the inception date of your policy, we will not deny coverage under this Coverage Form because of such failure.

**14. HIRED AUTO - COVERAGE TERRITORY**

Paragraph e. of GENERAL CONDITIONS 7. - POLICY PERIOD, COVERAGE TERRITORY - of SECTION IV - BUSINESS AUTO CONDITIONS is replaced by the following:

e. For short-term hired "autos", the coverage territory with respect to Liability Coverage is anywhere in the world provided that if the "insured's" responsibility to pay damages for "bodily injury" or "property damage" is determined in a "suit," the "suit" is brought in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada or in a settlement we agree to.

**15. WAIVER OF SUBROGATION**

TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US - of SECTION IV - BUSINESS AUTO CONDITIONS is amended by adding the following:

We waive any right of recovery we may have against any person or organization with whom you have a written contract that requires such waiver because of payments we make for damages under this Coverage Form.

**16. RESULTANT MENTAL ANGUISH COVERAGE**

The definition of "bodily injury" in SECTION V - DEFINITIONS is replaced by the following:

"Bodily injury" means bodily injury, sickness or disease sustained by any person, including mental anguish or death resulting from any of these.

**17. EXTENDED CANCELLATION CONDITION**

Paragraph 2. of the COMMON POLICY CONDITIONS - CANCELLATION - applies except as follows:

If we cancel for any reason other than nonpayment of premium, we will mail or deliver to the first Named Insured written notice of cancellation at least 60 days before the effective date of cancellation.

# EXHIBIT "B"

POLICY NUMBER: 37 UEG IQ2. J



### THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# SCHEDULE OF LIMITS UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    TRUCKERS COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |

                                                        (Authorized Representative)

The Limit shown in ITEM TWO of the Declarations for Uninsured Motorists Coverage and for Underinsured Motorists Coverage (when not included in Uninsured Motorists Coverage) is replaced by the limits shown below for the state indicated.

### SCHEDULE

| COVERAGE | LIMIT | | STATE |
|---|---|---|---|
| UNINSURED MOTORISTS | $  1,000 ,000 each "accident" | | CA |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| UNDERINSURED MOTORISTS (when not included in Uninsured Motorists Coverage) | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |
| | $          ,000 each "accident" | | |

00600

*1500237IQ27100101

# EXHIBIT A-5

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
ELLIOTT N. KANTER, ESQ.
LAW OFFICES OF ELLIOTT N. KANTER
2445 Fifth Avenue, Suite 350
San Diego, CA  92101

TELEPHONE NO.:  (619) 231-1883          FAX NO.:  (619) 234-4553
ATTORNEY FOR (Name):  Plaintiffs, DEBBE SIMMONS and MICHAEL

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
[X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
[ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
[ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
[ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
[ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)     DEBBE SIMMONS, et al.

DEFENDANT(S)  THE HARTFORD COMPANY, et al.

JUDGE:  Jay M. Bloom

DEPT:   C-70

**AMENDMENT TO COMPLAINT**
**(CCP 473, 474)**

CASE NUMBER
37-2008-00088341-CU-BC-CTL

Under Section 474, Code of Civil Procedure:
FICTITIOUS NAME (Court order required once case is at issue.  San Diego Superior Court Rules, Division II, rule 2.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated said defendant in the complaint by the fictitious name of

_____

and having discovered the true name of the said defendant to be

_____

amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

Date: _____

_____
ELLIOTT N. KANTER, ESQ.
                                        Attorney(s) for Plaintiff(s)

Under Section 473, Code of Civil Procedure:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated a    [x] defendant   [ ] plaintiff in the complaint by the name of

THE HARTFORD COMPANY

and having discovered  [x] said name to be incorrect and the correct name is   [ ] defendant also uses the name of

THE HARTFORD FIRE INSURANCE COMPANY

amends the complaint by  [x] substituting  [ ] adding such name(s) wherever the name of

THE HARTFORD COMPANY

appears in said complaint.

Date:  August 28, 2008

_____
ELLIOTT N. KANTER, ESQ.
                                        Attorney(s) for Plaintiff(s)

**ORDER**
The above amendment to the complaint is allowed.

Date: _____

_____
Judge of the Superior Court

SDSC CIV-12(Rev. 10-02)                **AMENDMENT TO COMPLAINT**                SO-12

COPY

# EXHIBIT A-6

1  ANN K. JOHNSTON, ESQ. (SBN 145022)
2  TED A. SMITH (SBN 159986)
   BERGER KAHN
3  A Law Corporation
   7200 Redwood Boulevard, Suite 325
   Novato, CA  94945
4  Tel:  (415) 899-1770 • Fax: (415) 899-1769

5  Attorneys for Defendants
   HARTFORD FIRE INSURANCE COMPANY and
6  AL SMITH

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11  DEBBE SIMMONS and MICHAEL       )  CASE NO. 37-2008-00088341-CU-BC-CTL
    SIMMONS,                        )
12                                  )  ANSWER OF DEFENDANT
                  Plaintiffs,       )  HARTFORD FIRE INSURANCE
13                                  )  COMPANY TO PLAINTIFFS' FIRST
    vs.                             )  AMENDED COMPLAINT
14                                  )
    THE HARTFORD COMPANY, AL        )  DATE ACTION FILED:   7/24/2008
15  SMITH, WILLIS OF ILLINOIS, INC.,)  TRIAL DATE:          None
    and DOES 1 to 50, inclusive,    )
16                                  )
                                    )
17                Defendants.       )
    _____)

18

19      COMES NOW Defendant Hartford Fire Insurance Company (hereinafter referred

20  to as "Defendant"), and answers Plaintiffs' First Amended Complaint, on behalf of itself

21  and itself alone as follows:

22                           **GENERAL DENIAL**

23      Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant

24  denies, generally and specifically, each and every allegation of the First Amended

25  Complaint and all causes of action contained therein.  Defendant further denies that

26  Plaintiffs have sustained any injury, damage, or loss by reason of any alleged act or

27  omission of Defendant or any of its employees or representatives.

28      For separate and distinct defenses, Defendant alleges as follows:

                                      1
    Answer to First Amended Complaint        Case No. 37-2008-00088341-CU-BC-CTL

1

### FIRST AFFIRMATIVE DEFENSE

2      1.      The first cause of action alleging breach of written contract fails to state a

3 claim upon which relief can be granted against Defendant.

4

### SECOND AFFIRMATIVE DEFENSE

5      2.      The second cause of action alleging breach of the implied covenant of good

6 faith and fair dealing fails to state a claim upon which relief can be granted against

7 Defendant.

8

### THIRD AFFIRMATIVE DEFENSE

9      3.      The third cause of action for declaratory relief fails to state a claim upon

10 which relief can be granted against Defendant.

11

### FOURTH AFFIRMATIVE DEFENSE

12      4.      The fourth cause of action alleging negligence fails to state a claim upon

13 which relief can be granted against Defendant.

14

### FIFTH AFFIRMATIVE DEFENSE

15      5.      The fifth cause of action for reformation of contract fails to state a claim

16 upon which relief can be granted against Defendant.

17

### SIXTH AFFIRMATIVE DEFENSE

18      6.      The First Amended Complaint and each and every purported cause of action

19 therein fail to state sufficient facts to constitute a cause of action against Defendant.

20

### SEVENTH AFFIRMATIVE DEFENSE

21      7.      The First Amended Complaint, and all allegations and causes of action

22 therein, are uncertain.

23

### EIGHTH AFFIRMATIVE DEFENSE

24      8.      The First Amended Complaint, and all allegations and causes of action

25 therein, are barred by the applicable limitations periods, including but not limited to,

26 limitations periods stated in Code of Civil Procedure sections 337, 338, 339, and 343.

27 ///

28 ///

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA  94945

2

Answer to First Amended Complaint          Case No. 37-2008-00088341-CU-BC-CTL

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

### NINTH AFFIRMATIVE DEFENSE

9.     Defendant is informed and believes and thereon alleges that the First Amended Complaint, and each and every cause of action therein, is barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

10.    Defendant is informed and believes and thereon alleges that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant is informed and believes and thereon alleges that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Defendant is informed and believes and thereon alleges that the First Amended Complaint, and each cause of action therein, are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Defendant is informed and believes and thereon alleges that any loss, injury, damage, or detriment suffered by Plaintiffs was proximately caused by and/or contributed to by the acts, omissions, and/or negligence of Plaintiffs, Plaintiffs' agents and/or third parties other than Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant is informed and believes and thereon alleges that Plaintiffs and Plaintiffs' agents failed to act reasonably to minimize, avoid or otherwise mitigate any loss, injury, damage, or detriment suffered by Plaintiffs and, as a result, Plaintiffs are barred or otherwise prevented from recovering damages from Defendant.

///

///

Answer to First Amended Complaint          Case No. 37-2008-00088341-CU-BC-CTL

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant is informed and believes and thereon alleges that Plaintiffs are barred from recovery under the Policy because Plaintiffs are not insureds under Hartford's policy for purposes of the alleged injuries suffered by Plaintiff Michael Simmons.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Defendant is informed and believes and thereon alleges that Plaintiff Debbe Simmons has not sustained any injury compensable under Hartford's policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendant alleges that Plaintiffs' claims for attorneys' fees are barred by California Code of Civil Procedure Section 1021.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant is informed and believes and thereon alleges that Plaintiffs' purported claims for damages for breach of contract are not clearly ascertainable in both their nature and origin and are barred by California Civil Code Section 3301 (damages must be certain).

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Defendant reserves the right to amend this answer, to assert additional affirmative defenses and to supplement, alter or change this answer and defenses upon revelation of more definitive facts by Plaintiffs and/or upon discovery and investigation in this matter.

WHEREFORE, the Answering Defendant prays for judgment as follows:

1.    That Plaintiffs take nothing by way of their First Amended Complaint;

2.    That Plaintiffs' action be dismissed with prejudice and that Defendant be awarded judgment against Plaintiffs;

///

///

///

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

4

Answer to First Amended Complaint                    Case No. 37-2008-00088341-CU-BC-CTL

3.    For costs of suit incurred herein; and,

4.    For such other and further relief as this Court may deem just and proper.

DATED: October 7, 2008                    BERGER KAHN
                                          A Law Corporation


                                          By:_____
                                                Ann K. Johnston
                                          Attorneys for Defendants
                                          Hartford Fire Insurance Company and
                                          Al Smith

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

5

Answer to First Amended Complaint                Case No. 37-2008-00088341-CU-BC-CTL

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by Berger Kahn, A Law Corporation, whose business address is: 7200 Redwood Boulevard, Suite 325, Novato, CA  94945 ("the firm").

On October 7, 2008, I served the within document(s) described as:  **ANSWER OF DEFENDANT HARTFORD FIRE INSURANCE COMPANY TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action:

☒     by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
        ☒ addressed as follows: ☐  addressed as stated on the attached mailing list.

Elliott N. Kanter, Esq.
Law Offices of Elliott N. Kanter
2445 Fifth Avenue, Suite 350
San Diego, CA  92101
Tel:  619-231-1883
Fax:  619-234-4553

☒     **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Novato, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐     **BY FAX** (C.C.P. § 1013(a), (e); CRC 2008)–by transmitting said document(s) by electronic facsimile at approximately                .m. at 7200 Redwood Boulevard, Suite 325, Novato, California  94945, to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list.  The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐     **BY OVERNIGHT MAIL**(C.C.P. § 1013(c))–I placed said envelope(s) for collection by ***Federal Express/Golden State Overnight***, following ordinary business practices, at the business offices of Berger Kahn for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service.  It is deposited with said overnight mail service on that same day in the ordinary course of business.  I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

☐     **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**–I served the within document(s) by placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA  94945

6

Answer to First Amended Complaint                    Case No. 37-2008-00088341-CU-BC-CTL

thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 7200 Redwood Boulevard, Suite 325, Novato, California  94945.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing by Certified Mail, Return Receipt Requested, with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope(s) is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **BY PERSONAL SERVICE**(C.C.P. § 1011(a))–I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 7, 2008, at Novato, California.

MARLA TOM

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA  94945

7

Answer to First Amended Complaint

Case No. 37-2008-00088341-CU-BC-CTL

EXHIBIT A - 7

1  ANN K. JOHNSTON, ESQ. (SBN 145022)
2  TED A. SMITH (SBN 159986)
   BERGER KAHN
   A Law Corporation
3  7200 Redwood Boulevard, Suite 325
   Novato, CA 94945
4  Tel: (415) 899-1770 • Fax: (415) 899-1769

5  Attorneys for Defendants
   HARTFORD FIRE INSURANCE COMPANY and
6  AL SMITH

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF SAN DIEGO**

10

11  DEBBE SIMMONS and MICHAEL        )  CASE NO. 37-2008-00088341-CU-BC-CTL
    SIMMONS,                         )
12                                   )  **NOTICE OF DEMURRER AND**
                                     )  **DEMURRER TO FIRST AMENDED**
13              Plaintiffs,          )  **COMPLAINT; MEMORANDUM OF**
                                     )  **POINTS AND AUTHORITIES**
14  vs.                              )
                                     )  Date:      January 9, 2009
15  THE HARTFORD COMPANY, AL         )  Time:      11:00 a.m.
    SMITH, WILLIS OF ILLINOIS, INC., )  Dept.:     C-70
16  and DOES 1 to 50, inclusive,     )  Judge:     Hon. Jay M. Bloom
                                     )
17              Defendants.          )
                                     )  DATE ACTION FILED:   7/24/2008
18  ————————————————————————————————    TRIAL DATE:          None

19

20         **TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD:**

21         **PLEASE TAKE NOTICE** that on January 9, 2009, at 11:00 a.m., or as soon as

22  this matter may be heard in Department C-70 of this Court, located at 220 West

23  Broadway, San Diego, California, Defendant Al Smith will demur to Plaintiffs' first

24  amended complaint in the above entitled matter.  The precise grounds for this demurrer

25  are set forth in the attached "Demurrer."

26  ///

27  ///

28  ///

                                        1

Notice of Demurrer; Demurrer;                        Case No. C-08-01179
Memo of Points and Authorities

*(left margin, vertical)* BERGER KAHN  A Law Corporation  7200 Redwood Blvd., Suite 325  Novato, CA 94945

1    This demurrer is based on this Notice, on the attached Demurrer, Memorandum of

2    Points and Authorities, on all pleadings and documents on file in this action, and on such

3    further evidence the Court may receive.

4    DATED: October 7, 2008                    BERGER KAHN
                                               A Law Corporation
5

6

7    By:
                                               Ann K. Johnston
8                                              Attorneys for Defendants
                                               Hartford Fire Insurance Company and
9                                              Al Smith

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Demurrer; Demurrer;                 Case No. C-08-01179
Memo of Points and Authorities

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

## DEMURRER

Defendant Al Smith ("Smith") hereby demurs to the First Amended Complaint of Plaintiffs Debbe Simmons and Michael Simmons, on each of the following grounds:

1. The First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant Al Smith under Code of Civil Procedure §430.10(e).

2. The First Amended Complaint is uncertain because it fails to comply with CRC 2.112(4) by labeling the causes of action to identify which causes of action are against which defendants.  CCP § 430.10(f).

DATED: October 7, 2008

       BERGER KAHN
       A Law Corporation


By: _____
   Ann K. Johnston
   Attorneys for Defendants
   Hartford Fire Insurance Company and
   Al Smith

3

Notice of Demurrer; Demurrer;
Memo of Points and Authorities

Case No. C-08-01179

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Hartford Fire Insurance Company issued a policy of automobile insurance to MTB Gear, Inc. dba The Bicycle Warehouse, effective May 18, 2007, through May 18, 2008. Plaintiffs' First Amended Complaint, ¶ 7.

On or about August 25, 2007, Plaintiff Michael Simmons was riding a bicycle and was struck by a vehicle, suffering personal injury. The driver of the vehicle which struck him was deemed to be at fault in the accident, and her insurance company paid its $50,000 policy limit as settlement. Plaintiffs then made claim under the uninsured/underinsured motorist coverage in the MTB Gear policy issued by Hartford. Hartford denied this claim. Al Smith was the Hartford adjuster who handled Plaintiffs' claim. Plaintiffs' First Amended Complaint, ¶ 3.

## 2.   ARGUMENT

### A.   The Complaint Does Not State A Cause Of Action Against Hartford's Adjuster

As stated above, Hartford's adjuster, Al Smith, adjusted Plaintiffs' claim. While Plaintiffs have not clearly indicated which causes of action are against which defendants, Defendant Al Smith is referenced in the first cause of action for breach of written contract, and Plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing. These causes of action cannot be stated against Hartford's adjuster because Hartford's adjuster, Al Smith, was not a party to the insurance contract between Hartford and Plaintiffs. (See Exhibit A to Plaintiffs' First Amended Complaint.) Further, even if they are responsible for the insurer's decision to refuse settlement, *no bad faith action lies* against the insurer's officers, agents and employees (e.g., adjusters, investigators, claims managers, house counsel, etc.). *Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 576; see *Cooper v. Equity General Ins.* (1990) 219 Cal.App.3d 1252, 1258-1260. The action based on breach of the implied covenant *depends on a contractual relationship* between the parties. Again, the insurer's agents and employees are not

4

Notice of Demurrer; Demurrer;                    Case No. 37-2008-00088341-CU-BC-CTL
Memo of Points and Authorities

1  parties to the insurance contract.  *Gruenberg v. Aetna Ins. Co., supra*, 9 Cal.3d at 576.

2  Insurance company personnel involved in investigating or evaluating the insured's claims

3  are not subject to the implied covenant.  *Iversen v. Sup. Ct.* (1976) 57 Cal.App.3d 168,

4  172; *Hale v. Farmers Ins. Exch.* (1974) 42 Cal.App.3d 681, 702 (disapproved on other

5  grounds in *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 822.)

**B.     Plaintiffs' First Amended Complaint Is Uncertain**

7          Plaintiffs' first amended complaint fails to comply with California Rule of Court

8  2.112(4) by labeling the causes of action to identify which causes of action are against

9  which defendants.  Therefore, Plaintiffs' complaint is uncertain and has required

10  Defendant to speculate about which causes of action are being stated against him.

**3.     CONCLUSION**

12          For the foregoing reasons, the Court should sustain Al Smith's demurrer to

13  Plaintiffs' first amended complaint.  The defects in the complaint cannot be cured by

14  amendment, so the Court should sustain the demurrer without leave to amend.

15  DATED: October 7, 2008

BERGER KAHN
A Law Corporation

18  By: _____
Ann K. Johnston
19  Attorneys for Defendants
Hartford Fire Insurance Company and
Al Smith

16
17
20
21
22
23
24
25
26
27
28

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

5

Notice of Demurrer; Demurrer;                    Case No. 37-2008-00088341-CU-BC-CTL
Memo of Points and Authorities

**AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE**

1

2    I am over the age of eighteen years and not a party to the within action.  I am employed by Berger Kahn, A Law Corporation, whose business address is: 7200 Redwood Boulevard, Suite 325, Novato, CA  94945 ("the firm").

3

4    On October 7, 2008, I served the within document(s) described as: **NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action:

5

6    ☒    by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)

7        ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

8    Elliott N. Kanter, Esq.
Law Offices of Elliott N. Kanter

9    2445 Fifth Avenue, Suite 350
San Diego, CA  92101

10    Tel: 619-231-1883
Fax: 619-234-4553

11

12    ☒    **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Novato, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

13

14

15

16    ☐    **BY FAX** (C.C.P. § 1013(a), (e); CRC 2008)–by transmitting said document(s) by electronic facsimile at approximately          .m. at 7200 Redwood Boulevard, Suite 325, Novato, California  94945, to the respective facsimile number(s) of the party(ies) as stated on the attached mailing list.  The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

17

18

19

20    ☐    **BY OVERNIGHT MAIL**(C.C.P. § 1013(c))–I placed said envelope(s) for collection by **\*\*\*Federal Express/Golden State Overnight\*\*\***, following ordinary business practices, at the business offices of Berger Kahn for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

21

22

23    I am "readily familiar" with the firm's practice of collection and processing of correspondence for service with said overnight mail service.  It is deposited with said overnight mail service on that same day in the ordinary course of business.  I am aware that, on motion of a party served, service is presumed invalid if the said overnight delivery service cancellation date or delivery date on the overnight delivery service slip is more than one day after the date of deposit with said overnight delivery service contained in this affidavit.

24

25

26

27    ☐    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**–I served the within document(s) by placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage

28

6

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA  94945

Notice of Demurrer; Demurrer;          Case No. 37-2008-00088341-CU-BC-CTL
Memo of Points and Authorities

thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 7200 Redwood Boulevard, Suite 325, Novato, California  94945.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing by Certified Mail, Return Receipt Requested, with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postal meter date on the envelope(s) is more than one day after the date of deposit for mailing contained in this affidavit.

☐   **BY PERSONAL SERVICE**(C.C.P. § 1011(a))–I delivered such envelope(s) by hand to the offices of the addressee(s).

☒   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 7, 2008, at Novato, California.

MARLA TOM

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA  94945

7

Notice of Demurrer; Demurrer;
Memo of Points and Authorities

Case No. 37-2008-00088341-CU-BC-CTL

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

B

# EXHIBIT B

Company Profile

10/6/08 2:28 PM



**CALIFORNIA DEPARTMENT OF INSURANCE**

| | |
|---|---|
| Company Profile | **COMPANY PROFILE** |
| Company Search | **Company Information** |
| Company Search Results | |
| Company Information | |
| Old Company Names | |
| Agent for Service | |
| Reference Information | |
| NAIC Group List | |
| Lines of Business | |
| Company Performance & Comparison Data | |

**Company Information**

<div align="center">

**HARTFORD FIRE INSURANCE COMPANY**

**ONE HARTFORD PLAZA**
**HARTFORD,  CT 06115**
**800-243-5860**

</div>

**Old Company Names**                                      **Effective Date**

**back to top**

**Agent For Service**

KAREN HARRIS
2730 GATEWAY OAKS DRIVE
SUITE 100
SACRAMENTO    CA   95833

**back to top**

Financial Statements PDF's

- Annual Statements
- Quarterly Statements
- CA Supplements

Company Complaint

- Company Enforcement Action
- Composite Complaints Studies

Additional Info

- Find A Company Representative In Your Area
- Financial Rating Organizations
- View Financial Disclaimer

**Reference Information**

| | |
|---|---|
| NAIC #: | 19682 |
| California Company ID #: | 0085-1 |
| Date Authorized in California: | 01/07/1870 |
| License Status: | UNLIMITED-NORMAL |
| Company Type: | Property & Casualty |
| State of Domicile: | CONNECTICUT |

**back to top**

**NAIC Group List**

NAIC Group #:          0091      HARTFORD FIRE & CAS GRP

**back to top**

**Lines Of Business**

The company is authorized to transact business within these lines of insurance.
For an explanation of any of these terms, please refer to the glossary.

AIRCRAFT

AUTOMOBILE

BOILER AND MACHINERY

BURGLARY

COMMON CARRIER LIABILITY

CREDIT

DISABILITY

FIRE

LEGAL INSURANCE

LIABILITY

MARINE

MISCELLANEOUS

PLATE GLASS

SPRINKLER

SURETY

TEAM AND VEHICLE

WORKERS' COMPENSATION

**back to top**

© 2008 California Department of Insurance

**EXHIBIT C**

# EXHIBIT C

souri Secretary of State

10/6/08 4:10 PM

# Missouri Secretary of State, Robin Carnahan

OS Home :: Business Services :: Business Entity Search

# Important Notice:

We will be performing maintenance upgrades to our Business Services' applications and will not be able to accept online filings, including: Uniform Commercial Code (UCC), Notary Search, Notary Training, Fictitious Name Registration, LC Registration, and Annual Reporting, between the hours of 5:00 p.m. and 11:59 p.m. on, October 7, 2008. We apologize for any inconvenience this may cause.

## Search
- By Business Name
- By Charter Number
- By Registered Agent
- For New Corporations Verify
- Verify Certification Annual Report
- File Online File Fictitious Name Registration
- File Online File LLC Registration
- File Online Online Orders
- Register for Online Orders
- Order Good Standing
- Order Certified Documents

**Date: 10/6/2008**

## Filed Documents
(Click above to view filed documents that are available.)

**NEW! File Annual Report Online, click here.**

**For a blank Annual Registration Report, click here.**

### Business Name History

| Name | Name Type |
|---|---|
| CCA GLOBAL PARTNERS, INC. | Legal |
| CARPET CO-OP OF AMERICA ASSOCIATION D/B/A CARPET CO-OP OF AMERICA, INC. | Prev Legal |

### General Business - Foreign - Information

| | |
|---|---|
| **Charter Number:** | F00363232 |
| **Status:** | Good Standing |
| **Entity Creation Date:** | 2/27/1992 |
| **State of Business.:** | DE |
| **Expiration Date:** | Perpetual |
| **Last Annual Report Filed Date:** | 1/8/2008 |
| **Last Annual Report Filed:** | 2007 |
| **Annual Report Month:** | October |

### Registered Agent

| | |
|---|---|
| **Agent Name:** | CSC- Lawyers Incorporating Service Company |
| **Office Address:** | 221 BOLIVAR JEFFERSON CITY MO 65101 |
| **Mailing Address:** | |

D

# EXHIBIT D

This SPECIAL MULTI-FLEX POLICY is provided by the insurance company(s) of The Hartford Insurance Group, shown below.

# COMMON POLICY DECLARATIONS

**THE HARTFORD**

POLICY NUMBER: 37 UEG IQ2710   DV
RENEWAL OF: 37 UEG IQ2710

Named Insured and Mailing Address:
(No., Street, Town, State, Zip Code)

MTB GEAR, INC.
DBA BICYCLE WAREHOUSE
4650 SANTA FE ST
SAN DIEGO                , CA 92109
(SAN DIEGO COUNTY)

Policy Period:         From   05/18/07   To   05/18/08
                       12:01 A.M., Standard time at your mailing address shown above.

In return for the payment of the premium, and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy. The Coverage Parts that are a part of this policy are listed below. The Advance Premium shown may be subject to adjustment.

                       Total Advance Premium:              $7,060.00

Coverage Part and Insurance Company Summary                    Advance Premium

IN RECOGNITION OF THE MULTIPLE COVERAGES INSURED WITH THE HARTFORD, YOUR
POLICY PREMIUM INCLUDES AN ACCOUNT CREDIT.

COMMERCIAL AUTO
HARTFORD FIRE INSURANCE COMPANY
HARTFORD PLAZA
HARTFORD, CONNECTICUT 06115                              $7,060.00

**Form Numbers of Coverage Parts, Forms and Endorsements that are a part of this policy and that are not listed in the Coverage Parts.**

HM0001 IL00171198 IL00210702 IL02701104 HA00250302

Agent/Broker Name: LOCKTON RISK SRVCS INC/CCA/PHS

This policy is not binding unless countersigned by our Authorized Representative.

Countersigned by   _Margie K. Ape_          04/18/07
                   Authorized Representative   Date

Form HM 00 10 02 95

EXHIBIT E

# EXHIBIT E



**Kansas.gov: The Official Web site of the State of Kansas**



## Kansas Online
## Business Entity Search

A partnership of the
KANSAS SECRETARY of STATE
and the INFORMATION NETWORK
of KANSAS, INC.

<u>Business Entity Search</u>

<u>Helpful Hints</u>

<u>Privacy Statement</u>

<u>Contact Info</u>

<u>Online Demo</u>

< <u>KSOS Web site</u>
< <u>Kansas Web site</u>

# Kansas Secretary of State
# Business Entity Search

### Date: 10/07/2008

### Business Information

| Current Entity Name | Business Entity ID Number |
| --- | --- |
| LOCKTON RISK SERVICES, INC. | 1597335 |

<u>Current Mailing Address</u>:  444 W 47TH ST STE 900, KANSAS CITY, MO 641121906

( Update )

Business Entity Type: DOM: FOR PROFIT CORPORATION

<u>Current Status</u>: ACTIVE AND IN GOOD STANDING

<u>Date of Formation in Kansas</u>: 08/24/1987

<u>State of Organization</u>: KS

( Certificate of Good Standing )   ( Letter of Good Standing )

### Resident Agent and Registered Office

**Resident Agent:** CORPORATE CREATIONS NETWORK, INC.

**Registered Office:**  2850 SW Mission Woods Drive , TOPEKA, KS 66614

( Update Resident Agent/Office )

### Annual Reports



The following annual report information is valid for active and delinquent status entities only.

Tax Closing Month: 12

The Last Annual Report on File: 12/2007

**Next Annual Report Due:** 04/15/2009    ( File Online )

**Forfeiture Date:** 07/15/2009

Kansas.gov | Policies and Statements | Help Center | Survey

Copyright © 2002-2008

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT

F

## NOTICE OF CANCELLATION
### (California)

| | |
|---|---|
| **NAME AND ADDRESS OF INSURANCE COMPANY**<br>HARTFORD FIRE INSURANCE COMPANY<br>HARTFORD PLAZA<br>HARTFORD, CT 06115 | **KIND OF POLICY:**   Commercial Lines Automobile |
| | **POLICY/APPLICATION/BINDER NO.:**   37UEGIQ2710 |
| **NAME AND ADDRESS OF INSURED**<br>MTB GEAR INC<br>DBA BICYCLE WAREHOUSE<br>4550 SANTA FE ST<br>SAN DIEGO, CA 92109 | **EFFECTIVE DATE**   01/09/08         12:01 A.M.<br>**OF NOTICE:**   DATE   (HOUR STANDARD TIME AT THE ADDRESS OF THE INSURED) |
| | **DATE OF MAILING:**   December 19, 2007 |
| | **NAME AND ADDRESS**   LOCKTON RISK SRVCS INC/CCA/PHS<br>**OF AGENT/BROKER:**   PO BOX 410679<br>KANSAS CITY MO 64141-0679 |

(Applicable Item marked "X")

**Cancellation**

[X] You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above.

[X] Reason for cancellation: Nonpayment of premium

See the "Important Notices" section below for other information that may apply.

**Important Notices**

[X] Automobile Assigned Risk Plan Information: Pursuant to Section 662 of the Insurance Code you are hereby notified that:

1. The California Automobile Assigned Risk Plan provides a means by which applicants for automobile bodily injury and property damage liability insurance may be assigned to an insurer authorized to transact liability insurance.
2. If you are unable to procure such insurance through ordinary methods and you are in good faith eligible for such insurance in accordance with the standards of the Plan, it is possible for you to obtain it through the Plan.
3. Application forms for insurance through the Plan may be obtained from and submitted through (a) any licensed insurance agent or broker or (b) the Plan itself at P.O Box 7917, San Francisco, CA 94120-7917.

[ ] California FAIR Plan Association: You have been notified herewith that this Company will no longer be carrying your insurance. If you wish to replace your policy you should make an effort to obtain insurance through another company in the voluntary market. If you have difficulty in procuring replacement coverage in the voluntary market, you possibly may obtain basic fire insurance coverages through the California Fair Plan Association. Insurance through the Association is available only in certain areas of the state. For further information or assistance in obtaining basic property insurance through the FAIR Plan, please contact your agent or broker or the Plan at 1-213-487-0111 or 1-800-339-4099 (in California only).

*alice E Smith*

_____
Authorized Representative



Global Locations  |  About Lockton  |  Insights & Publications

Search

**LOCKTON**
Insurance, Risk Management
& Employee Benefits Specialists

Industry Expertise    Services & Solutions    Employee Benefit Consulting    Careers

Home : Global Locations : Contact Us Email Form

**Global Locations**
- Global Location Map
- Asia
- Europe
- Latin America
- North America
- Contact Us Email Form

✉ Connect with Lockton

For all inquiries, please click here to complete a form that will be emailed to a Lockton Associate.

To locate a Lockton Office near you, visit our Global Locations index.

Lockton main office information:

Lockton Companies, LLC
444 W. 47th Street
Suite 900
Kansas City, MO 64112
United States
Phone: 816-960-9000
Fax: 816-960-9099

Lockton Companies International Limited
Lockton House
6 Bevis Marks
London
EC3A 7AF
Phone: 020 7933 0000
Fax: 020 7933 0915
Registered in England and Wales.
Company Registration No. 1211673

Lockton Affinity
P.O. Box 410679
Kansas City, MO 64141-0679
Phone: 913-652-7500
Fax: 913-652-7599

Terms & Conditions | Careers | Contact Us | Site Map

© 2004-2008 Lockton, Inc. All Rights Reserved.

RECYCLED PAPER MADE FROM 30% POST CONSUMER CONTENT



1  ANN K. JOHNSTON, ESQ. (SBN 145022)
2  TED A. SMITH (SBN 159986)
   BERGER KAHN
3  A Law Corporation
   7200 Redwood Boulevard, Suite 325
   Novato, CA  94945
4  Tel:  (415) 899-1770 • Fax: (415) 899-1769

5  Attorneys for Defendants
   HARTFORD FIRE INSURANCE COMPANY and
6  AL SMITH

7

8                  UNITED STATES DISTRICT COURT

9       SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

10

| | |
|---|---|
| 11  DEBBE SIMMONS and MICHAEL SIMMONS, | ) CASE NO. |
| 12 | ) |
| 13                    Plaintiffs, | ) **HARTFORD'S NOTICE OF MOTION AND MOTION TO DROP AL SMITH AS A SHAM DEFENDANT PURSUANT TO F.R.C.P. RULE 21;** |
| vs. | ) |
| 14 | ) **MEMORANDUM OF POINTS AND** |
| THE HARTFORD COMPANY, AL SMITH, WILLIS OF ILLINOIS, INC., and DOES 1 to 50, inclusive, | ) **AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ANN K. JOHNSTON** |
| 15 | ) |
| 16 | ) |
| 17                    Defendants. | ) DATE: |
| | ) TIME: |
| 18 | DEPT.: |

19                              DATE ACTION FILED:   7/24/2008
                                TRIAL DATE:          None
20

21       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

22       PLEASE TAKE NOTICE that on _____, 2008, or as soon thereafter as the

23  matter may be heard at the above-captioned court, located at 880 Front Street, San Diego,

24  California, 92101,  Defendant Hartford Fire Insurance Company ("Hartford") will move

25  this court to drop improperly joined defendant Al Smith ("Smith") from this lawsuit.

26  This motion is brought pursuant to Rule 21 of the Federal Rules of Civil Procedure, and

27  is made on the grounds that Hartford is informed and believes that Smith  is  a citizen of

28  the State of California for diversity purposes and is alleged to be an insurance claim

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA  94945

                                        1

Notice of Motion and Motion to Drop Sham Defendant          Case No. _____

1  adjuster for Hartford. (First Amended Complaint ¶ 3.)  The First Amended Complaint

2  alleges theories of liability against Smith for breach of contract and breach of the implied

3  covenant of good faith and fair dealing, which are untenable as a matter of law and contra

4  to existing California authority.  Smith is improperly named as a sham defendant in an

5  effort to avoid this court's jurisdiction.

6       This Motion is based upon this Notice of Motion, the accompanying

7  Memorandum of Points and Authorities, the Declaration of Ann K. Johnston and the

8  entire court file in this matter, and on such other argument and evidence that may be

9  presented at the hearing on this Motion.

10

11  DATED: October 8, 2008

     BERGER KAHN
     A Law Corporation

12

13

14       By: _____

          Ann K. Johnston

15            ajohnston@bergerkahn.com
     Attorneys for Defendants

16       Hartford Fire Insurance Company and
     Al Smith

17

18

19

20

21

22

23

24

25

26

27

28

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

2

1  ANN K. JOHNSTON, ESQ. (SBN 145022)
   TED A. SMITH (SBN 159986)
2  BERGER KAHN
   A Law Corporation
3  7200 Redwood Boulevard, Suite 325
   Novato, CA  94945
4  Tel:  (415) 899-1770  •  Fax: (415) 899-1769

5  Attorneys for Defendants
   HARTFORD FIRE INSURANCE COMPANY and
6  AL SMITH

7

8                    UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

10

11  DEBBE SIMMONS and MICHAEL          )  CASE NO.
    SIMMONS,                           )
12                                     )  **MEMORANDUM OF POINTS AND**
                      Plaintiffs,      )  **AUTHORITIES IN SUPPORT OF**
13                                     )  **HARTFORD'S MOTION TO DROP AL**
    vs.                                )  **SMITH AS A SHAM DEFENDANT**
14                                     )  **PURSUANT TO F.R.C.P. RULE 21**
    THE HARTFORD COMPANY, AL           )
15  SMITH, WILLIS OF ILLINOIS, INC.,   )
    and DOES 1 to 50, inclusive,       )  DATE:
16                                     )  TIME:
                      Defendants.      )  DEPT.:
17                                     )
    _____   )
18                                        DATE ACTION FILED:   7/24/2008
                                          TRIAL DATE:          None
19

20  1.     **INTRODUCTION**

21         Plaintiffs Debbe Simmons and Michael Simmons ("Simmons") seek to avoid this

22  court's jurisdiction by improperly joining Al Smith ("Smith") as a defendant in this

23  matter. This motion seeks to drop defendant Smith  as an improperly joined defendant.

24  Simmons' claims against Smith for breach of contract and breach of the implied covenant

25  of good faith and fair dealing are untenable as a matter of law and contra to existing

26  California authority.  Acting in the capacity of Defendant, Hartford Fire Insurance

27  Company's  ("Hartford") adjuster, Smith cannot be held individually liable for the claims

28

                                            1
   Memo of Points & Authorities in Support                    Case No. _____
   Of Motion to Drop Sham Defendant

1    asserted in the Plaintiffs' Complaint.  As a sham defendant, Smith should be dismissed

2    from this matter pursuant to Federal Rule of Civil Procedure 21.

3    **2.      STATEMENT OF FACTS**

4       Hartford Fire Insurance Company issued a policy of automobile insurance to MTB

5    Gear, Inc. dba The Bicycle Warehouse, effective May 18, 2007, through May 18, 2008.

6    Plaintiffs' First Amended Complaint, ¶ 7.

7       On or about August 25, 2007, Plaintiff Michael Simmons was riding a bicycle and

8    was struck by a vehicle, suffering personal injury.  The driver of the vehicle which struck

9    him was deemed to be at fault in the accident, and her insurance company paid its

10   $50,000 policy limit as settlement.  Plaintiffs then made claim under the

11   uninsured/underinsured motorist coverage in the MTB Gear policy.  Hartford, denied this

12   claim.  Al Smith was the Hartford adjuster who handled Plaintiffs' claim.  Plaintiffs' First

13   Amended Complaint, ¶ 3.

14      On August 22, 2008, Plaintiffs filed a First Amended Complaint in San Diego

15   Superior Court.  (A true and correct copy of Plaintiffs' First Amended Complaint is

16   attached as Exhibit "1" to the Declaration of Ann K. Johnston.)

17      Defendants Hartford Fire Insurance Company and Al Smith were served with the

18   First Amended Complaint via Notice and Acknowledgement of Receipt, which was

19   executed by Defendants' counsel on September 8, 2008.

20      Plaintiffs' First Amended Complaint names Hartford and Al Smith as defendants.

21   Al Smith is referenced in the causes of action for breach of insurance contract and breach

22   of the covenant of good faith and fair dealing.  Hartford is referenced in the breach of

23   insurance contract, breach of the covenant of good faith and fair dealing, declaratory

24   relief, negligence, and reformation causes of action.

25      According to the First Amended Complaint, Al Smith was an adjuster for

26   Hartford.  (First Amended Complaint, para. 3.)  Plaintiffs' allegations against Smith

27   relate solely to Smith's activity as Hartford's adjuster relative to adjustment of Plaintiffs'

28   claim under Hartford's policy.  (First Amended Complaint, paras. 15, 18-24.)  On

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

2

| Memo of Points & Authorities in Support Of Motion to Drop Sham Defendant | Case No. _____ |

1   October 8, 2008, Hartford removed this action to Federal Court.  Hartford's petition for

2   removal indicated it would bring the instant motion.

3   **3.     LEGAL ARGUMENT**

4           **A.     Standards For Dismissing Improper Defendants.**

5           Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part, that

6   "[p]arties may be dropped or added by order of the court on motion of any party or of its

7   own initiative at any stage of the action and on such terms as are just."

8           Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by

9   dropping a non-diverse party if the party's presence in the action is not required; that is, if

10  the party is not an indispensable party under Rule 19.  (*See, e.g.,* 7 C. Wright & A. Miller

11  Federal Practice and Procedure § 1685 (3d ed. 2001); *Galt G/S v. JSS Scandinavia,* 142

12  F.3d 1150, 1154-1155 (9th Cir. Cal.1998) [dismissing non-diverse defendant where only

13  diverse defendant would be at fault]; *Continental Airlines, Inc. v. Goodyear Tire &*

14  *Rubber Co.,* 819 F.2d 1519, 1523-1524 (9th Cir. Cal. 1987) [dismissal of settling

15  defendant appropriate to preserve diversity jurisdiction]; see, *also, Gasnik v. State Farm*

16  *Ins. Co.,* 825 F. Supp. 245, 247 (E.D. Cal. 1992) [insurance agent party fraudulently

17  joined merely to prevent removal of action against insurer to federal court dropped

18  pursuant to Rule 21.].)  Indeed, it is an abuse of discretion to refuse a motion to drop a

19  party under such circumstances.  (*See, Anrig v. Ringsby United,* 603 F.2d 1319, 1324-

20  1325 (9th Cir. Wash. 1978); *Fritz v. American Home Shield Corp.,* 751 F.2d 1152, 1154

21  (11th Cir. Fla. 1985).)

22          A district court has jurisdiction to determine if defendants who would destroy

23  diversity are fraudulently joined as sham defendants and may dismiss those defendants.

24  (*McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. Cal.1987) [where

25  defendants raised fraudulent joinder issue, "court had to determine if they were

26  fraudulently joined"].)   A court may look beyond the complaint, and the defendant "is

27  entitled to present to the federal court facts showing the joinder to be fraudulent."

28  (*McCabe v. General Foods Corp., supra,* 811 F.2d at 1339; see, *also Ritchey v. Upjohn*

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

3

1  *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. Cal. 1998).)  A defendant may also submit facts

2  showing that a resident defendant had "no real connection with the controversy." (*Wilson*

3  *v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 [42 S. Ct. 35; 66 L. Ed. 144] (1921).)

4      In *McCabe*, the plaintiff named his former employer -- a diverse defendant -- and

5  two supervisors -- non-diverse defendants.  The court dismissed the non-diverse

6  defendants, finding that the plaintiff had failed to state a cause of action against them,

7  because their actions were alleged to have been ratified by their employer and not taken

8  on their own initiative.  The court dismissed the parties as being fraudulently joined.

9  (*McCabe v. General Foods Corp.*, *supra*, 811 F.2d at 1339.)

10      Likewise, in *Ritchey*, the plaintiff named three defendants -- two of whom would

11  destroy diversity.  The two non-diverse defendants were held to be sham defendants by

12  the court, because they could rely upon the defenses of the statute of limitations and *res*

13  *judicata.* (*Ritchey v. Upjohn Drug Co.*, *supra*, 139 F.3d at 1318.)

14      In *Wilson*, the plaintiff named two defendants, one non-diverse defendant "not in

15  any degree whatsoever responsible" for the plaintiff's alleged injuries.  The Court

16  emphasized that the "right of removal cannot be defeated by a fraudulent joinder of a

17  resident defendant having no real connection with the controversy." (*Wilson v. Republic*

18  *Iron & Steel Co.*, *supra*,  257 U.S. at  97.)

19      Further, so long as appropriate relief can be fashioned among the parties

20  remaining in the lawsuit, it is appropriate to dismiss unnecessary defendants whose

21  presence would destroy diversity.  (*See, e.g. Northrop Corp. v. McDonnell Douglas*

22  *Corp.*, 705 F.2d 1030, 1046 (9th Cir. 1983) [government not necessary party to dispute

23  between defense contractor and manufacturer because court could fashion relief between

24  parties without presence of government as defendant.].)

25      As more fully set forth below, there are no legitimate claims against Smith.

26

27

28

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

4

Memo of Points & Authorities in Support          Case No. _____
Of Motion to Drop Sham Defendant

BERGER KAHN
A Law Corporation
7200 Redwood Blvd., Suite 325
Novato, CA 94945

**B.     California Law Does Not Impose Liability On An Insurer's Agent Or Employee Acting In The Course And Scope Of His Employment.**

Plaintiffs' claims against Smith for breach of contract and breach of the implied covenant of good faith and fair dealing are inconsistent with existing California authority. Hartford's adjuster, Al Smith, adjusted Plaintiffs' insurance claim.  While Plaintiffs have not clearly indicated which causes of action are against which defendants, Defendant Al Smith is referenced in the first cause of action for breach of written contract, and Plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing.  These causes of action cannot be stated against Hartford's adjuster because Hartford's adjuster, Al Smith, was not a party to the insurance contract between Hartford and Plaintiffs.  (See Exhibit 1 to Declaration of Ann K. Johnston and Exhibit A thereto (insurance policy).)  Further, even if they are responsible for the insurer's decision to refuse settlement, *no bad faith action lies* against the insurer's officers, agents and employees (e.g., adjusters, investigators, claims managers, house counsel, etc.). *Gruenberg v. Aetna Ins. Co.* 9 Cal.3d 566, 576 (1973); see *Cooper v. Equity General Ins.* 219 Cal.App.3d 1252, 1258-1260 (1990).  The action based on breach of the implied covenant *depends on a contractual relationship* between the parties.  Again, the insurer's agents and employees are not parties to the insurance contract.  *Gruenberg v. Aetna Ins. Co., supra*, 9 Cal.3d at 576.  Insurance company personnel involved in investigating or evaluating the insured's claims are not subject to the implied covenant. *Iversen v. Sup. Ct.* 57 Cal.App.3d 168, 172 (1976); *Hale v. Farmers Ins. Exch.* 42 Cal.App.3d 681, 702 (1974) (disapproved on other grounds in *Egan v. Mutual of Omaha Ins. Co.* 24 Cal.3d 809, 822 (1979).)

*Mercado v. Allstate Ins. Co.*, 340 F.3d 824 (9th Cir. Cal. 2003) is now the controlling authority on fraudulent joinder of insurance agents and employees.  In *Mercado*, the plaintiff filed suit against Allstate and its insurance adjuster asserting claims for insurance bad faith and violation of Business and Professions Code section 17200.  Although the insurance adjuster was a non-diverse defendant, Allstate removed

5

1   the action to district court.  In denying plaintiff's motion to remand, the district court

2   determined that the insurance adjuster had been fraudulently joined to defeat diversity

3   jurisdiction.

4        The Ninth Circuit determined that plaintiff's remand motion was properly denied.

5   Specifically, the court determined that the plaintiff's claims against the insurance adjuster

6   were wholly improper:

> All of Mercado's allegations against [the insurance adjuster]
> pertain to actions she took in her capacity as an Allstate
> employee.  It is well established that, unless an agent or
> employee acts as a dual agent . . . she cannot be held
> individually liable as a defendant unless she acts for her own
> personal advantage.  [Citation].  At all times during her
> dealings with Mercado, [the insurance adjuster] acted as
> Allstate's agent.  Accordingly, [the insurance adjuster] is not
> individually liable.  [Citations].  The district court did not err
> in concluding that [the insurance adjuster] was a fraudulently
> named defendant.

13  (*Mercado v. Allstate Ins. Co.*, *supra*, 340 F.3d at 826.)

14       The *Mercado* court cited the well-established rule set forth in *Lippert v. Bailey*,

15  241 Cal.App.2d 376 (1966) that acts of an insurance agent within the course and scope of

16  his employment for the insurer are not actionable against the agent individually.  To the

17  extent the *Mercado* court set forth an exception to the *Lippert* non-liability rule, it limited

18  it to circumstances where the employee acts as a "dual agent," which is characterized by

19  the agent or the employee assuming special duties for the benefit of the insured person

20  beyond those required by its principal. (*Mercado v. Allstate Insurance Company*, *supra*,

21  340 F.3d at 826.)  This is not and cannot be alleged here.

22       Smith was acting as a claim adjuster for Hartford in the course and scope of his

23  employment. All of Smith's alleged conduct pertains to actions taken in his capacity as

24  Hartford's agent. (*See*, First Amended Complaint, paras. 3, 15, 18-24.)

25       To the extent that *Mercado* applies any exception the *Lippert* rule of agent and

26  employee non-liability, that exception is not present here.

27  ///

28  ///

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

6

Memo of Points & Authorities in Support            Case No. _____
Of Motion to Drop Sham Defendant

4.    **CONCLUSION**

Based on the foregoing, Smith is an improper defendant named solely to defeat diversity jurisdiction in this action and should be dismissed.

DATED: October 8, 2008

BERGER KAHN
A Law Corporation

By: _____
Ann K. Johnston
ajohnston@bergerkahn.com
Attorneys for Defendants
Hartford Fire Insurance Company and
Al Smith

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

Memo of Points & Authorities in Support
Of Motion to Drop Sham Defendant

Case No. _____

1  ANN K. JOHNSTON, ESQ. (SBN 145022)
2  TED A. SMITH (SBN 159986)
   BERGER KAHN
3  A Law Corporation
   7200 Redwood Boulevard, Suite 325
   Novato, CA 94945
4  Tel: (415) 899-1770 • Fax: (415) 899-1769

5  Attorneys for Defendants
   HARTFORD FIRE INSURANCE COMPANY and
6  AL SMITH

7

8              UNITED STATES DISTRICT COURT

9      SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

10

11 | DEBBE SIMMONS and MICHAEL   ) CASE NO.
   | SIMMONS,                    )
12 |                             ) **DECLARATION OF ANN K.**
   |                             ) **JOHNSTON IN SUPPORT OF**
13 |               Plaintiffs,   ) **HARTFORD'S MOTION TO DROP AL**
   |                             ) **SMITH AS A SHAM DEFENDANT**
14 | vs.                         ) **PURSUANT TO F.R.C.P. RULE 21**
   |                             )
15 | THE HARTFORD COMPANY, AL    ) DATE:
   | SMITH, WILLIS OF ILLINOIS, INC., ) TIME:
16 | and DOES 1 to 50, inclusive, ) DEPT.:
   |                             )
17 |               Defendants.   ) DATE ACTION FILED:  7/24/2008
   |                             ) TRIAL DATE:         None
18

19
        I, ANN K. JOHNSTON, hereby declare as follows:
20
        1.      I am an attorney admitted to practice in this court, and I am a partner with
21
   the Berger Kahn law firm, legal counsel of record for Defendants Hartford Fire Insurance
22
   Company ("Hartford") and Al Smith in the above-entitled matter.  If called to testify in
23
   this matter, I could and would testify competently to the following facts, which are within
24
   my personal knowledge.
25
        2.      On July 24, 2008,  Debbe Simmons and Michael Simmons filed their
26
   Complaint in the San Diego Superior Court entitled, *Debbe Simmons and Michael*
27
   *Simmons v. The Hartford Company et. al.*, Case No. 37-2008-00088341-CU-BC-CTL.  On
28

                                      1

   Declaration in Support of Motion to Drop            Case No. _____
   Sham Defendant

1  August 22, 2008, Plaintiffs' filed their First Amended Complaint.  Attached hereto as

2  Exhibit "1" is a true and correct copy of said First Amended Complaint.

3      3.     On October 8, 2008, my office removed this action to the United States

4  District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332

5  and 1441(b).

6      I declare under penalty of perjury under the laws of the United States of America

7  that the foregoing is true and correct.

8  Executed this ___ day of October 2008, at Novato, California.

9

10

11

12  ANN K. JOHNSTON, Declarant
    ajohnston@bergerkahn.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERGER KAHN
*A Law Corporation*
7200 Redwood Blvd., Suite 325
Novato, CA 94945

2

Declaration in Support of Motion to Drop          Case No. _____
Sham Defendant

# EXHIBIT 1

FILED
CIVIL BUSINESS OFFICE 14

08 MAR 22  PM 3:12

CLERK
SAN DIEGO COUNTY, CA

1  ELLIOTT N. KANTER (SBN 95054)
   LAW OFFICES OF ELLIOTT N. KANTER
2  2445 Fifth Avenue, Suite 350
   San Diego, CA 92101
3  TELEPHONE:  (619) 231-1883
   FACSIMILE:  (619) 234-4553
4

5  Attorney for Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN DIEGO

10

| | |
|---|---|
| 11  DEBBE SIMMONS and MICHAEL SIMMONS | )  Case No.: 37-2008-00088341-CU-BC-CTL |
| 12 | ) |
| | )  **FIRST AMENDED COMPLAINT FOR** |
| 13          Plaintiffs, | )  **DAMAGES:** |
| | ) |
| 14  THE HARTFORD COMPANY, AL SMITH, | )   1.  **BREACH OF CONTRACT;** |
| 15  WILLIS OF ILLINOIS, INC., | )   2.  **BREACH OF THE COVENANT OF** |
| and DOES 1 to 50, inclusive | )       **GOOD FAITH AND FAIR** |
| 16 | )       **DEALING;** |
| 17          Defendants. | )   3.  **DECLARATORY RELIEF** |
| | )   4.  **NEGLIGENCE;** |
| 18 | )   5.  **REFORMATION** |
| | )   6.  **BREACH OF CONTRACT** |
| 19 | )        **(Failure to Provide Coverage)** |
| 20 | ) |

21          Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS, in their causes of action

22  against Defendants, hereby amend the Complaint filed on July 24, 2008 by adding, Defendant,

23  DOE 2,  CCA GLOBAL PARTNERS, a corporation, doing business in California, and by adding

24  a Sixth Cause of Action:  Breach of Contract – Failure to Provide Coverage.

25          Plaintiffs, DEBBE SIMMONS and MICHAEL SIMMONS, incorporate by reference each

26  of the proceeding paragraphs of this complaint as set forth herein and in full.

27          1.      That at all times herein mentioned, Plaintiffs were and are residents in the City and

28  County of San Diego in the State of California.

1    2.    That at all times herein mentioned, Defendant, THE HARTFORD COMPANY,

2 was and is authorized to bind, issue and deliver automobile insurance policies in the State of

3 California.

4    3.    That at all times herein mentioned, Defendant, AL SMITH, adjuster for THE

5 HARTFORD COMPANY, was a resident of California.

6    4.    Plaintiff is unaware of the true identity, nature, and capacity of each defendant

7 designed herein as a DOE.  Plaintiff is informed and believes and thereon alleges that each DOE

8 Defendant is in some manner legally responsible for the damages and injuries alleged herein.

9 Upon learning the true identity, nature and capacity of each DOE defendant, Plaintiff will amend

10 this complaint to allege same as well as the particular reasons for the liability of each such

11 identified DOE defendant.

12    5.    Plaintiffs are informed and believe and thereon allege that at all material times

13 alleged herein that the defendants, and each of them, were the agents, servants, and employees of

14 the other defendants, and each of them, and acting in the course and scope of their capacities as

15 the agent, servant and/or employee of each of the other defendants.

16

17                          **FIRST CAUSE OF ACTION**
                              (Breach of Written Contract)

18    6.    Plaintiff incorporates by reference each of the preceding paragraphs of this

19 complaint as though set forth herein in full.

20    7.    On or about May 18, 2007, THE HARTFORD COMPANY issued a policy of

21 automobile insurance to MTB Gear, Inc. dba The Bicycle Warehouse.  The policy number was 37

22 UEG IQ2710, and had an effective date of May 18, 2007, and an expiration date of May 18, 2008

23 (herein after "THE POLICY").    A true and correct copy of the Automobile Insurance

24 Declarations Page for the policies are attached hereto as Exhibit "A" and Exhibit "B",

25 respectively.

26    8.    At all times herein mentioned, Michael and Debbe Simmons were the owners of

27 the vehicles outlined in the declarations page for the automobile insurance.

28 ///

1      9.     At all times herein mentioned, Michael and Debbe Simmons were the beneficiaries

2 of the insurance, both for liability and uninsured/underinsured motorist provisions.

3      10.    Plaintiffs by and through MTB Gear, Inc., at all times herein, fully paid the

4 premiums of insurance, up to and including and past the date of loss, and plaintiffs have otherwise

5 performed all the terms and conditions of the insurance policy with THE HARTFORD.  This

6 insurance policy covered among other things, uninsured/underinsured motorist coverage for all

7 the vehicles owned by plaintiffs with policy limits of $1,000,000 per occurrence.

8      12.    On or about August 25, 2007, while the insurance policy was in full force and

9 effect, plaintiff, Michael Simmons, was riding a bicycle at or around the intersection of Genessee

10 and Interstate 5.  At that time and place, he was struck by a vehicle operated by Amanda Opaluch

11 and suffered severe injuries.  Medical expenses exceed $375,000.  Further, he suffered breaks in

12 his neck, legs, ribs, etc..  He also suffers from a closed head brain injury which affects him to this

13 day, and is expected to affect him for the rest of his life.  Amanda Opaluch was deemed to be at

14 fault in this accident, has accepted responsibility, and her insurance company, State Farm, has

15 paid $50,000 as settlement which is also the policy limits for her insurance.  Further, the

16 deposition of Amanda Opaluch was taken, and it was determined at that deposition that she was

17 not within the course or scope of employment or doing any errands for any other person or entity,

18 and was solely the responsible party for this accident.  Plaintiffs did file a separate personal

19 injury action out of this accident, and settled this matter for the policy limits of $50,000.00.

20      13.    At all material times, at the time of the alleged collision, the plaintiff, Michael

21 Simmons, insured his own vehicles with Hartford Insurance.  He also was the named owner,

22 along with his wife, Debbe Simmons.  He did carry uninsured/underinsured motorist coverage, in

23 the sum of $1,000,000.

24      14.    After settling their third-party claim with Amanda Opaluch and receiving payment

25 of and exhausting the $50,000 policy limit, plaintiffs, Debbe and Michael Simmons, provided

26 THE HARTFORD  with proof that Ms. Opaluch was liable for causing the collision, and for

27 plaintiff's injuries and damages, and proof that plaintiff received damages well in excess of

28 $50,000, including past medical expenses of $375,000.  They also provide proof that they had

1  exhausted the Opaluch liability limits all in support of a demand made for $950,000, plus a

2  demand for the $5,000 medical payments, which is also part of the above-captioned policy. This

3  number represents the difference between the underinsured motorist protection, and the $50,000

4  that the plaintiffs received from the Opaluch carrier, plus the $5,000 med pay.

5      15.    On or about July 8, 2007, THE HARTFORD and AL SMITH denied plaintiffs'

6  demand and has refused and continues to refuse to pay plaintiffs any sum whatsoever on

7  plaintiffs' claim. As such, The Hartford still owes the plaintiffs the sum of $950,000 representing

8  the difference between the underinsured motorist policy limit and the $50,000 he received from

9  Ms. Opaluch's carrier.

10     16.    As a proximate result of THE HARTFORD'S failure and refusal to pay Plaintiff as

11 herein alleged, Plaintiff has been damaged in the sum of $955,000, plus interest thereon at the

12 legal rate from and after the date of plaintiffs' demand for the same on June 1, 2005.

13
14                          **SECOND CAUSE OF ACTION**
                 **(Breach of the Implied Covenant Good Faith and Fair Dealing)**

15     17.    Plaintiffs incorporate by reference each of the preceding paragraphs of this

16 Complaint as though set forth herein and in full.

17     18.    THE HARTFORD tortuously breached the implied covenant of good faith and fair

18 dealing arising out of the insurance policy issued to its insureds, the Simmons and MTB Gear,

19 Inc., under which the Simmons should be covered for the expanded coverage under the

20 underinsured motorist protection:

21         (a)    They unreasonably and without proper cause failed and refused to afford

22 coverage and/or to pay Plaintiffs' claim.

23         (b)    Unreasonably and without proper cause failed and refused to conduct a

24 reasonable investigation into the legal basis upon which THE HARTFORD and AL SMITH

25 denied coverage for the Plaintiffs' claim; and,

26         (c)    Unreasonably and without proper cause denied coverage on the basis that

27 the Plaintiffs sustained personal injuries while on a bicycle and was not alighting to and from or

28 occupying an automobile. This is despite the fact that plaintiffs were the owners of the vehicles

1  that are the subject of the insurance policy, that they  were the named drivers of the subject

2  insurance policy, that the plaintiffs are the sole owners of the corporation, MTB Gear, Inc., that

3  defendants knew that MTB Gear, is a bicycle company, and they knew that plaintiffs were avid

4  bicyclists, and that defendants knew that by simply naming the corporation as the insured, that

5  they would not have to pay any damages if they eventually occurred where the plaintiffs were

6  involved in a bicycle accident and were injured and suffered injuries that would have the

7  uninsured/underinsured motorist protection come into play.

8       19.    Defendant, THE HARTFORD and AL SMITH, wrongfully, unreasonably and

9  without proper cause denied coverage for Plaintiffs' claim and wrongfully, unreasonably and

10  without proper cause asserts that the Plaintiff was properly excluded from coverage.  However,

11  THE HARTFORD has not cited any insurance code, case law, or any other official language that

12  supports the position that there isn't any coverage for underinsured motorist coverage for the

13  Plaintiffs.

14      20.    In response to THE HARTFORD's and AL SMITH'sdenial of Plaintiffs' claim,

15  Plaintiffs' attorney provided THE HARTFORD and AL SMITH with citations and California

16  authority, which made it clear for the purposes of affording underinsured motorist coverage for a

17  closely held corporation, that would apply in this case, i.e., when the owner of the corporation

18  was on a bicycle.

19      21.    Nevertheless, despite THE HARTFORD and AL SMITH being provided clear

20  authority, THE HARTFORD's and AL SMITH'S legal position is incorrect and unreasonable,

21  THE HARTFORD and AL SMITH continue to unreasonably and without proper cause deny

22  coverage for any payment of Plaintiffs' claim.

23      22.    As a proximate result of the above alleged conduct by THE HARTFORD and AL

24  SMITH, Plaintiffs have been damaged in the sum of $955,000, representing the difference

25  between $1,000,000 underinsured motorist policy limit and the $50,000 he has received from

26  Ms. Opaluch's carrier, plus $5,000 in medical payments that has not been paid by THE

27  HARTFORD, plus prejudgment interest.

28      23.    As a further result of the above-alleged conduct by THE HARTFORD and AL

1  SMITH, Plaintiffs have suffered damages for worry, anxiety, depression and general emotional

2  distress in an amount according to proof.

3      24.    As a further and proximate result of the conduct by THE HARTFORD and AL

4  SMITH, Plaintiffs have been required to retain an attorney to litigate this action to obtain

5  benefits due under them and has incurred attorneys fees and costs in an amount according to

6  proof.

7      25.    As a further and proximate result of the alleged conduction of THE HARTFORD,

8  THE HARTFORD should be punished in an amount of punitive damages in the amount to be

9  proved at trial.

10

11                    **THIRD CAUSE OF ACTION**
                      **(Declaratory Relief)**

12      26.    Plaintiff incorporates by reference each of the preceding paragraphs of this

13  complaint as though set forth herein in full.

14      27.    An actual controversy now exists between Defendant, THE HARTFORD, and the

15  Plaintiffs.   Defendants deny that they are they are a "person insured" under the policy and

16  therefore, excluded from coverage pursuant to their insurance policy.  Defendant contends that

17  Plaintiff was a bicycle rider at the time of the collision and since Plaintiff, Michael Simmons,

18  was actually not a named insured and MTB Gear, Inc. was the named insured at the time

19  accident, they are not expanded underinsured motorist coverage that would be in place if, indeed,

20  Michael Simmons was the actual named insured.  Plaintiffs contend that:

21          (a)   Defendants violated Insurance Code Section 11580.2 in that since Michael

22  and Debbe Simmons are the named owners of the automobiles on the named insurance policy,

23  that they are the named drivers of the automobiles on the named insurance policy, that they are,

24  indeed, the named insureds, and indeed, this being a closed corporation of the actual named

25  insureds which would give them the increased underinsured motorist benefits.

26          (b)   Plaintiffs contend that Defendants are impermissibly narrowing the scope

27  of the uninsured/underinsured motorist coverage required by Insurance Code Section 115890.2,

28  in that they did not offer uninsured plus underinsured motorist protection for the ownership of

1  the vehicle to the actual owners of the vehicle, i.e. Michael and Debbe Simmons.

2  (c)  Plaintiffs contend that the exclusion that the Defendants rely upon to deny

3  coverage is therefore inapplicable and unenforceable with respect to Plaintiffs' claim for

4  underinsured motorist coverage.

5  28.  By reason of this controversy, Plaintiffs request a declaration of the respective

6  rights duties, and obligations of the parties.  Plaintiffs specifically request that the Court declare

7  that the Defendant has the duty to provide the expanded underinsured motorist coverage to the

8  Plaintiffs (i.e., to provide underinsured motorist coverage while he was riding a bicycle), that the

9  purported policy exclusion that Defendant relies upon is inapplicable and unenforceable with

10  respect to Plaintiffs' claim for underinsured motorist coverage to the Plaintiffs, that the exclusion

11  shall not operate to deny Plaintiffs underinsured motorist coverage under the policy.

12

13  ### FOURTH CAUSE OF ACTION
(Negligence)

14  29.  Plaintiffs incorporate by reference each of the preceding paragraphs of this

15  complaint as though set forth herein and in full.

16  30.  Defendants, THE HARTFORD, LOCKTON AFFINITY, and CCA GLOBAL

17  PARTNERS, have a duty to provide appropriate insurance to Plaintiffs.  Defendants, and each of

18  them, breached that duty by not specifically naming Debbe Simmons, Michael Simmons, as

19  named insureds in the policy.  Defendant knew that Debbe Simmons and Michael Simmons were

20  the sole owners of MTB Gear, Inc., closely held corporation.

21  31.  Defendants knew that Debbe and Michael Simmons owned the three vehicles that

22  are named in the declaration page, both individually and with the corporation.

23  32.  Defendants knew that Debbe and Michael Simmons were named drivers for those

24  three vehicles.  Further, Defendants made it mandatory that the plaintiffs provide the names of

25  the drivers before issuing the insurance policy.

26  33.  As a result of the breach of the standard of care for both the broker and the

27  insurance company, damage was caused to the Plaintiff as follows:

28  (a)  They have had to hire an attorney to litigate this matter, and therefore,

7

1     have incurred attorney's fees and costs.

2           (b)     They have not obtained the benefits of the underinsured motorist

3     coverage, plus the medical payments of $5,000, to the tune of $955,000.

4

5                      **FIFTH CAUSE OF ACTION**
                     **(Reformation of Contract)**

6        34.    Plaintiffs incorporate by reference each of the preceding paragraphs of this

7     complaint as though set forth herein and in full.

8        35.    Plaintiffs negotiated with THE HARTFORD to obtain coverage and liability and

9     uninsured/underinsured motorist coverage for their automobiles.  Plaintiffs advised Defendants

10     that they were a company that sold bicycles, and indeed, advised the insurance companies that

11     they rode bicycles.  Indeed, the insurance brokerage firm that obtained the insurance for the

12     Plaintiffs, has a specialty with dealing with liability insurance for the bicycle industry.  As a

13     result, it was known that the Simmons' wanted insurance for both their corporation and for them

14     personally.  Specificially, the Simmons' wanted to make sure that they were covered in case a

15     person injured them in an automobile accident, and therefore purchased a policy of $1,000,000.

16     It was believed by the Defendants that if they did not name the Simmons personally, that they

17     could minimize the uninsured motorist protection for which the Simmons purchased.  The

18     Defendants were either fraudulent in not placing the Simmons' name on the insurance policy as

19     named insureds, or they were mistaken in not naming them as insureds after being given all the

20     information concerning the ownership and of the vehicles and the drivers of said vehicles.

21     Therefore, Plaintiffs request that this Court reform the contract and name the Plaintiffs as named

22     insureds to obtain the benefits for which they are entitled.  Further, at the time of the formation

23     of this contract, they would not have any increase in premium to the Plantiffs, if, indeed, they

24     have been the named insureds.

25

26                      **SIXTH CAUSE OF ACTION**
           **(Breach of Contract – Failure to Provide Coverage)**

27        Defendants, CCA GLOBAL PARTNERS AND LOCKTON AFFINITY, entered into a

28     contract with plaintiffs to provide insurance coverage for Debbe and Michael Simmons.  This

1  coverage would include liability, and also, uninsured/underinsured motorist protection for both

2  Debbe and Michael Simmons, who were the sole owners of MTB Gear, Inc., and also the owners

3  of at least two of the vehicles named in the declaration page of the HARTFORD INSURANCE

4  policy. Defendants, CCA GLOBAL PARTNERS AND LOCKTON AFFINITY, agreed to

5  provide coverage as described above. Further, CCA GLOBAL PARTNERS AND LOCKTON

6  AFFINITY, knew that MTB Gear, Inc., was a company that sold bicycles. Further, they knew that

7  plaintiffs were avid bicycle riders. They were also advised by plaintiffs that they wanted as much

8  coverage as they could afford, not only for liability, but also for themselves, in case they were

9  involved in an accident. Both defendants breached their contract in that they did not provide

10  coverage in case Debbe or Michael Simmons were involved in an auto/pedestrian/bicycle

11  accident. That is, indeed, one of the named plaintiffs in this matter was involved in an accident

12  and was injured as a result of an automobile striking them while Michael Simmons was riding a

13  bicycle. Plaintiffs have performed each and every obligation under their contract. Defendants

14  breached their contract by not affording the coverage that they promised as outlined above (i.e.,

15  underinsured motorist for Michael and Debbe Simmons personally). As a result of the breach of

16  contract, plaintiffs have been damaged in a sum to be proved at trial. Further, as a result of this

17  breach of contract, plaintiffs had to employ an attorney and acquired attorney's fees in an amount

18  to be proved at trial.

19

20                                    **PRAYER**

21        WHEREFORE, Plaintiffs pray as follows:

22        1.    For damages for breach of contract in the amount of $955,000.00;

23        2.    For prejudgment interest in an amount according to proof;

24        3.    For general damages for worry, anxiety, depression and general emotional distress in

25  an amount according to proof;

26        4.    For attorneys fees and costs incurred in obtaining policy benefits in an amount

27  according to proof;

28  ///

1      5.   For a declaration by the Court that the Defendant has a duty to provide underinsured

2  motorist coverage to the Plaintiffs, that the purported policy exclusion Defendant relies upon is

3  inapplicable and unenforceable with respect to Plaintiffs' claim for underinsured motorist

4  coverage, and that the exclusion shall not operate to deny Plaintiffs underinsured motorist

5  coverage under the policy;

6      6.   For reformation of the contract to include Plaintiffs as the named insured;

7      7.   For costs of suit incurred herein; and

8      8.   For such other and further relief as the Court may deem just and proper.

Dated: August 22, 2008

LAW OFFICES OF ELLIOTT N. KANTER

Elliott N. Kanter
Attorney for Plaintiffs MICHAEL SIMMONS
and DEBBE SIMMONS

# EXHIBIT "A"

# Special Multi-Flex
## POLICY
From The Hartford



This SPECIAL MULTI-FLEX POLICY is provided by the insurance company(s) — The Hartford Insurance Group, shown below.

# COMMON POLICY DECLARATIONS

POLICY NUMBER: 37 UEG IQ2710    DV
RENEWAL OF:  37 UEG IQ2710

**THE HARTFORD**

Named Insured and Mailing Address:
(No., Street, Town, State, Zip Code)

MTB GEAR, INC.
DBA BICYCLE WAREHOUSE
4650 SANTA FE ST
SAN DIEGO        , CA  92109
(SAN DIEGO COUNTY)

Policy Period:                 From  05/18/07   To  05/18/08
                               12:01 A.M. Standard time at your mailing address shown above.

In return for the payment of the premium, and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy. The Coverage Parts that are a part of this policy are listed below. The Advance Premium shown may be subject to adjustment.

                                          Total Advance Premium:        $7,060.00

Coverage Part and Insurance Company Summary                    Advance Premium

IN RECOGNITION OF THE MULTIPLE COVERAGES INSURED WITH THE HARTFORD, YOUR
POLICY PREMIUM INCLUDES AN ACCOUNT CREDIT.

COMMERCIAL AUTO
HARTFORD FIRE INSURANCE COMPANY
HARTFORD PLAZA
HARTFORD, CONNECTICUT 06115                                      $7,060.00

Form Numbers of Coverage Parts, Forms and Endorsements that are a part of this policy and that are not listed in the Coverage Parts.

HM0001 IL00171198 IL00210702 IL02701104 HA00250302

Agent/Broker Name: LOCKTON RISK SRVCS INC/CCA/PHS

This policy is not binding unless countersigned by our Authorized Representative.

Countersigned by  *Margie K. Ape*                    04/18/07



# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. Cancellation

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. Changes

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. Inspections And Surveys

1. We have the right to:
   a. Make inspections and surveys at any time;
   b. Give you reports on the conditions we find; and
   c. Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:
   a. Are safe or healthful; or
   b. Comply with laws, regulations, codes or standards.

3. Paragraphs 1. and 2. of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph 2. of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

*1500237I027100101  00586

IL 00 21 07 02

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

*150023710271001 01   00587

IL 02 70 11 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CALIFORNIA CHANGES - CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART

A. Paragraphs 2. and 3. of the Cancellation Common Policy Condition are replaced by the following:

2. **All Policies In Effect For 60 Days Or Less:**

If this policy has been in effect for 60 days or less, and is not a renewal of a policy we have previously issued, we may cancel this policy by mailing or delivering to the first Named Insured at the mailing address shown in the policy and to the producer of record, advance written notice of cancellation, stating the reason for cancellation, at least:

a. 10 days before the effective date of cancellation if we cancel for:

(1) Nonpayment of premium; or

(2) Discovery of fraud by:

(a) Any insured or his or her representative in obtaining this insurance; or

(b) You or your representative in pursuing a claim under this policy.

b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. **All Policies In Effect For More Than 60 Days**

a. If this policy has been in effect for more than 60 days, or is a renewal of a policy we issued, we may cancel this policy only upon the occurrence, after the effective date of the policy, of one or more of the following:

(1) Nonpayment of premium, including payment due on a prior policy we issued and due during the current policy term covering the same risks.

(2) Discovery of fraud or material misrepresentation by:

(a) Any insured or his or her representative in obtaining this insurance; or

(b) You or your representative in pursuing a claim under this policy.

(3) A judgment by a court or an administrative tribunal that you have violated a California or Federal law, having as one of its necessary elements an act which materially increases any of the risks insured against.

(4) Discovery of willful or grossly negligent acts or omissions, or of any violations of state laws or regulations establishing safety standards, by you

2.  **Residential Property**

This provision applies to coverage on real property used predominantly for residential purposes and consisting of not more than four dwelling units, and to coverage on tenants' household property contained in a residential unit, if such coverage is written under one of the following:

Capital Assets Program (Output Policy) Coverage Part

Commercial Property Coverage Part

Farm Coverage Part - Farm Property - Farm Dwellings, Appurtenant Structures And Household Personal Property Coverage Form.

a.  We may elect not to renew such coverage for any reason, except as provided in b., c. and d. below:

b.  We will not refuse to renew such coverage solely because the first Named Insured has accepted an offer of earthquake coverage.

However, the following applies only to insurers who are associate participating insurers as established by Cal. Ins. Code Section 10089.16. We may elect not to renew such coverage after the first Named Insured has accepted an offer of earthquake coverage, if one or more of the following reasons applies:

(1)  The nonrenewal is based on sound underwriting principles that relate to the coverages provided by this policy and that are consistent with the approved rating plan and related documents filed with the Department of Insurance as required by existing law;

(2)  The Commissioner of Insurance finds that the exposure to potential losses will threaten our solvency or place us in a hazardous condition. A hazardous condition includes, but is not limited to, a condition in which we make claims payments for losses resulting from an earthquake that occurred within the preceding two years and that required a reduction in policyholder surplus of at least 25% for payment of those claims; or

(3)  We have:

(a)  Lost or experienced a substantial reduction in the availability or scope of reinsurance coverage; or

(b)  Experienced a substantial increase in the premium charged for reinsurance coverage of our residential property insurance policies; and

the Commissioner has approved a plan for the nonrenewals that is fair and equitable, and that is responsive to the changes in our reinsurance position.

c.  We will not refuse to renew such coverage solely because the first Named Insured has cancelled or did not renew a policy, issued by the California Earthquake Authority that included an earthquake policy premium surcharge.

d.  We will not refuse to renew such coverage solely because corrosive soil conditions exist on the premises. This restriction (d.) applies only if coverage is subject to one of the following, which exclude loss or damage caused by or resulting from corrosive soil conditions:

(1)  Capital Assets Program Coverage Form (Output Policy);

(2)  Commercial Property Coverage Part - Causes Of Loss - Special Form; or

(3)  Farm Coverage Part - Causes Of Loss Form - Farm Property, Paragraph D. Covered Causes Of Loss - Special.

3.  We are not required to send notice of nonrenewal in the following situations:

a.  If the transfer or renewal of a policy, without any changes in terms, conditions, or rates, is between us and a member of our insurance group.

b.  If the policy has been extended for 90 days or less, provided that notice has been given in accordance with Paragraph C.1.

c.  If you have obtained replacement coverage, or if the first Named Insured has agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

d.  If the policy is for a period of no more than 60 days and you are notified at the time of issuance that it will not be renewed.

e.  If the first Named Insured requests a change in the terms or conditions of risks covered by the policy within 60 days of the end of the policy period.

f.  If we have made a written offer to the first Named Insured, in accordance with the timeframes shown in Paragraph C.1., to renew the policy under changed terms or conditions or at an increased premium rate, when the increase exceeds 25%.

00589

*1500237IQ271001O1



## Quick Reference
## Commercial Auto Coverage Part
## Business Auto Coverage Form

### READ YOUR POLICY CAREFULLY

## BUSINESS AUTO COVERAGE FORM DECLARATIONS

- Named Insured And Address
- Coverages, Covered Autos And Limits Of Insurance
- Rating Exposures, Rates And Estimated Premium

## BUSINESS AUTO COVERAGE FORM

Beginning on Page

**PREAMBLE**
- Definitions of "You" and "We" ........................... 1

**SECTION I - Covered Autos**
- Description of Covered Auto Designation Symbols ................................................ 1
- Owned Autos You Acquire After the Policy Begins ............................................... 2
- Certain Trailers, Mobile Equipment And Temporary Substitute Autos .............................. 2

**SECTION II - Liability Coverage**
- Coverage ........................................................ 2
- Who Is An Insured ........................................... 2
- Coverage Extensions
  - Supplementary Payments ............................. 3
  - Out of State Coverage Extensions ............... 3
- Exclusions ..................................................... 3
- Limit of Insurance ......................................... 5

**SECTION III - Physical Damage Coverage**
- Coverage ........................................................ 5
- Exclusions ..................................................... 6
- Limit of Insurance ......................................... 7
- Deductible ..................................................... 7

Beginning on Page

**SECTION IV - Business Auto Conditions**
- Loss Conditions
  - Appraisal For Physical Damage Loss ............ 7
  - Duties In The Event of Accident, Claim, Suit or Loss ............................................. 7
  - Legal Action Against Us ................................ 8
  - Loss Payment - Physical Damage Coverages ................................................. 8
  - Transfer Of Rights Of Recovery Against Others To Us ........................................... 8
- General Conditions
  - Bankruptcy .................................................. 8
  - Concealment, Misrepresentation Or Fraud ....... 8
  - Liberalization ............................................... 8
  - No Benefit To Bailee - Physical Damage Coverages ................................................. 8
  - Other Insurance ........................................... 8
  - Premium Audit ............................................. 9
  - Policy Period, Coverage Territory ................. 9
  - Two Or More Coverage Forms Or Policies Issued By Us ............................................ 9

**SECTION V - Definitions** ....................................... 9

# COMMERCIAL AUTOMOBILE COVERAGE PART - DECLARATIONS BUSINESS AUTO COVERAGE FORM



THE HARTFORD

POLICY NUMBER: 37 UEG IQ2710

This COMMERCIAL AUTOMOBILE COVERAGE PART consists of:

A.  This Declarations Form;
B.  Business Auto Coverage Form; and
C.  Any Endorsements issued to be a part of this Coverage Form and listed below.

## ITEM ONE - NAMED INSURED AND ADDRESS

The Named Insured is stated on the Common Policy Declarations.

ADVANCE PREMIUM: $        7,060.00

AUDIT PERIOD:

Except in this Declarations, when we use the word "Declarations" in this Coverage Part, we mean this "Declarations" or the "Common Policy Declarations."

Form Numbers of Coverage Forms, Endorsements and Schedules that are part of this Coverage Part:

| | | | | |
|---|---|---|---|---|
| HA00040302 | HA00120200T | CA00011001 | HA21020692 | CA04240505 |
| CA21540505 | CA00381202 | CA01430505 | CA20380297 | CA99231293 |
| HA00241290 | HA99040187 | HA99081290 | HA99160302 | |

*1500237IQ27100101  00591

COMMERCIAL AUTOMOBILE
COVERAGE PART - DECLARATIONS
BUSINESS AUTO COVERAGE FORM (Continued)

POLICY NUMBER: 37 UEG IQ2710

## ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS (Continued)

| Coverages | Covered Autos | Limit<br>The Most We Will Pay for Any One<br>Accident or Loss | Advance Premium |
|---|---|---|---|
| PHYSICAL DAMAGE | | See ITEM FOUR for hired or borrowed "autos". | |
| COMPREHENSIVE COVERAGE | 02 | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $        312.00 |
| SPECIFIED CAUSES OF LOSS COVERAGE | | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus $                deductible for each covered "auto" for "loss" caused by mischief or vandalism. | |
| COLLISION COVERAGE | 02 | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $        874.00 |
| TOWING AND LABOR | | $        or the amount separately stated for each "auto" in ITEM THREE, whichever is greater, for each disablement. | |

| | | |
|---|---|---|
| Endorsement Premium<br>(Not included above) | $ | 56.00 |
| **TOTAL ADVANCE PREMIUM:** | $ | 7,060.00 |

# SCHEDULE OF COVERED AUTOS YOU OWN
# (ITEM THREE OF THE DECLARATIONS)



    POLICY NUMBER: 37 UEG IQ2710

Absence, if any, of a limit entry below means that the limit entry shown in the corresponding ITEM TWO of the Declarations Limit Column applies instead.

------------------------------------------------------------------------

```
NO. 00001      92 ISUZU        BOX VAN            ID NO. JALB4B1K4N7007040
GARAGED: SAN DIEGO            CA TERR: 041    CLASS: 03199
ORIG. COST NEW: $ 17,000
TAX LOC:        ZIP CODE: 92109      RADIUS: L   SIZE:  10000

COVERAGES:                   SEQ. NO. 00001                PREMIUMS
    LIABILITY                                           $ 1,303.00
    AUTO MEDICAL PAYMENTS           $ 5,000 EACH "INSURED" $    73.00
    UNINSURED MOTORISTS                                 $   129.00
    COMPREHENSIVE  $    250 DEDUCTIBLE                   $    53.00
    COLLISION      $    500 DEDUCTIBLE                   $   103.00
```
------------------------------------------------------------------------
```
NO. 00002      05 LINC         AVIATOR            ID NO. 5LMEU68H55ZJ05023
GARAGED: SAN DIEGO            CA TERR: 041    CLASS: 03199
ORIG. COST NEW: $ 42,089
TAX LOC:        ZIP CODE: 92115      RADIUS: L   SIZE:  9000

COVERAGES:                   SEQ. NO. 00003                PREMIUMS
    LIABILITY                                           $ 1,303.00
    AUTO MEDICAL PAYMENTS           $ 5,000 EACH "INSURED" $    73.00
    UNINSURED MOTORISTS                                 $   129.00
    COMPREHENSIVE  $    250 DEDUCTIBLE                   $   111.00
    COLLISION      $    500 DEDUCTIBLE                   $   412.00
    ENDORSEMENT PREMIUM
        RENTAL REIMBURSEMENT                            $    28.00
```
------------------------------------------------------------------------
```
NO. 00003      05 FORD         F150               ID NO. 1FTPW12585FA23865
GARAGED: SAN DIEGO            CA TERR: 041    CLASS: 03199
ORIG. COST NEW: $ 37,318
TAX LOC:        ZIP CODE: 92115      RADIUS: L   SIZE:  10000

COVERAGES:                   SEQ. NO. 00004                PREMIUMS
    LIABILITY                                           $ 1,303.00
    AUTO MEDICAL PAYMENTS           $ 5,000 EACH "INSURED" $    73.00
    UNINSURED MOTORISTS                                 $   129.00
    COMPREHENSIVE  $    250 DEDUCTIBLE                   $   103.00
    COLLISION      $    500 DEDUCTIBLE                   $   279.00
    ENDORSEMENT PREMIUM
        RENTAL REIMBURSEMENT                            $    28.00
```
------------------------------------------------------------------------

*1500237IQ2710.101   00593

*1500237TQ27100101   00594

COMMERCIAL AUTO
CA 00 01 10 01

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A. Description Of Covered Auto Designation Symbols

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

*1500237TQ27100101   00595

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

2. Coverage Extensions

a. Supplementary Payments

In addition to the Limit of Insurance, we will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

b. Out-Of-State Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. Exclusions

This insurance does not apply to any of the following:

1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

2. Contractual

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

3. Workers' Compensation

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. Employee Indemnification And Employer's Liability

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

Paragraphs b. and c. above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**SECTION III – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

**(1)** Fire, lightning or explosion;

**(2)** Theft;

**(3)** Windstorm, hail or earthquake;

**(4)** Flood;

**(5)** Mischief or vandalism; or

**(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

**c. Collision Coverage**

Caused by:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**2. Towing**

We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

**3. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

*1500237TQ27100101   00596

Exclusions 4.c. and 4.d. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

C. Limit Of Insurance

1. The most we will pay for "loss" in any one "accident" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of the "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

D. Deductible

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

A. Loss Conditions

1. Appraisal For Physical Damage Loss

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

a. During the policy period shown in the Declarations; and

b. Within the coverage territory.

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico;

d. Canada; and

e. Anywhere in the world if:

(1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

8. **Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION V – DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means a land motor vehicle, "trailer" or semi-trailer designed for travel on public roads but does not include "mobile equipment".

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

D. "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement; or

2. Any claim or "suit" by or on behalf of a governmental authority demanding

that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

K. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2. Vehicles maintained for use solely on or next to premises you own or rent;

3. Vehicles that travel on crawler treads;

4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   a. Power cranes, shovels, loaders, diggers or drills; or

   b. Road construction or resurfacing equipment such as graders, scrapers or rollers.

5. Vehicles not described in Paragraphs 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   b. Cherry pickers and similar devices used to raise or lower workers.

6. Vehicles not described in Paragraphs 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. Equipment designed primarily for:

      (1) Snow removal;

      (2) Road maintenance, but not construction or resurfacing; or

      (3) Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

L. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. "Property damage" means damage to or loss of use of tangible property.

N. "Suit" means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage"; or

2. A "covered pollution cost or expense",

to which this insurance applies, are alleged.

"Suit" includes:

   a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

O. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

P. "Trailer" includes semitrailer.

POLICY NUMBER: 37 UEG IQ2. J

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# SCHEDULE OF LIMITS UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    TRUCKERS COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |

(Authorized Representative)

The Limit shown in ITEM TWO of the Declarations for Uninsured Motorists Coverage and for Underinsured Motorists Coverage (when not included in Uninsured Motorists Coverage) is replaced by the limits shown below for the state indicated.

**SCHEDULE**

| COVERAGE | LIMIT | | STATE |
|---|---|---|---|
| UNINSURED MOTORISTS | $ 1,000 ,000 each "accident" | | CA |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| UNDERINSURED MOTORISTS (when not included in Uninsured Motorists Coverage) | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |

POLICY NUMBER:

COMMERCIAL AUTO
CA 21 54 05 05

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CALIFORNIA UNINSURED MOTORISTS COVERAGE - BODILY INJURY

For a covered "auto" licensed or principally garaged in or "garage operations" conducted in California this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| Named Insured: |
| Endorsement Effective Date: |
| Countersignature Of Authorized Representative |
| Name: |
| Title: |
| Signature: |
| Date: |

### SCHEDULE

**Limit Of Insurance**

$                                    Each "Accident"

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

### A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. We will pay only after the limits of liability under any liability bonds or policies have been exhausted by payment of judgments or settlements

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.

### E. Changes In Conditions

The Conditions are changed for California Uninsured Motorists Coverage – Bodily Injury as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved; and

   b. Send us copies of the legal papers if a "suit" is brought. In addition, a person seeking coverage under Paragraph b. of the definition of "uninsured motor vehicle" must:

      (1) Provide us with a copy of the complaint by personal service or certified mail if the "insured" brings an action against the owner or operator of such "uninsured motor vehicle";

      (2) Within a reasonable time, make all pleadings and depositions available for copying by us or furnish us copies at our expense; and

      (3) Provide us with proof that the limits of insurance under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.

2. **Legal Action Against Us** is replaced by the following:

   No legal action may be brought against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form and with respect to Paragraphs a., c. and d. of the definition of "uninsured motor vehicle" unless within two years from the date of the "accident":

   a. Agreement as to the amount due under this insurance has been concluded;

   b. The "insured" has formally instituted arbitration proceedings against us. In the event that the "insured" decides to arbitrate, the "insured" must formally begin arbitration proceedings by notifying us in writing, sent by certified mail, return receipt requested; or

   c. "Suit" for "bodily injury" has been filed against the uninsured motorist in a court of competent jurisdiction.

   Written notice of the "suit" must be given to us within a reasonable time after the "insured" knew, or should have known, that the other motorist is uninsured. In no event will such notice be required before two years from the date of the accident. Failure of the "insured" or his or her representative to give us such notice of the "suit" will relieve us of our obligations under this Coverage Form only if the failure to give notice prejudices our rights.

3. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. With respect to Paragraphs a., c. and d. of the definition of "uninsured motor vehicle", if we make any payment, we are entitled to recover what we paid from other parties. Any person to or for whom we make payment must transfer to us his or her rights of recovery against any other party. This person must do everything necessary to secure these rights and must do nothing that would jeopardize them.

   b. With respect to Paragraph b. of the definition of "uninsured motor vehicle", if we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

4. **Other Insurance In The Business Auto and Garage Coverage Forms and Other Insurance – Primary And Excess Insurance Provisions In the Truckers and Motor Carrier Coverage Forms** are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.

COMMERCIAL AUTO
CA 00 38 12 02

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAR EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
SINGLE INTEREST AUTOMOBILE PHYSICAL DAMAGE INSURANCE POLICY
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

### A. Changes In Liability Coverage

The War exclusion under Paragraph B. Exclusions of Section II – Liability Coverage is replaced by the following:

**WAR**

"Bodily injury", "property damage" or "covered pollution cost or expense" arising directly or indirectly, out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

### B. Changes In Garagekeepers Coverage

If the Garagekeepers Coverage endorsement or the Garagekeepers Coverage – Customers' Sound Receiving Equipment endorsement is attached, the following exclusion is added:

We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

**WAR**

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

### C. Changes In Auto Medical Payments

If the Auto Medical Payments Coverage endorsement is attached, then Exclusion C.6. is replaced by the following:

6. "Bodily injury", arising directly or indirectly, out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

### D. Changes In Uninsured/Underinsured Motorists Coverage

If Uninsured and/or Underinsured Motorists Coverage is attached, then the following exclusion is added:

This insurance does not apply to:

**WAR**

1. "Bodily injury" or "property damage", if applicable, arising directly or indirectly, out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

*1500237102710010 1   00603

COMMERCIAL AUTO
CA 01 43 05 05

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# CALIFORNIA CHANGES

For a covered "auto" licensed or principally garaged in or "garage operations" conducted in California this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. The term "spouse" is replaced by the following:

    Spouse or registered domestic partner under California law.

B. The Other Insurance Condition is changed by adding the following:

  d. When this Coverage Form and any other Coverage Form or policy providing liability coverage apply to an "auto" and:

    1. One provides coverage to a Named Insured engaged in the business of selling, repairing, servicing, delivering, testing, road-testing, parking or storing "autos", and

    2. The other provides coverage to a person not engaged in that business, and

    3. At the time of an "accident", a person described in 2. is operating an "auto" owned by the business described in 1., then that person's liability coverage is primary and the Coverage Form issued to a business described in 1. is excess over any coverage available to that person.

  e. When this Coverage Form and any other Coverage Form or policy providing liability coverage apply to an "auto" and:

    1. One provides coverage to a Named Insured engaged in the business of selling, repairing, servicing, delivering, testing, road-testing, parking or storing "autos", and

    2. The other provides coverage to a person not engaged in that business, and

    3. At the time of an "accident" an "insured" under the Coverage Form described in 1. is operating an "auto" owned by a person described in 2., then the Coverage Form issued to the business described in 1. is primary and the Liability Coverage issued to a person described in 2. is excess over any coverage available to the business.

COMMERCIAL AUTO
CA 04 24 05 05

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CALIFORNIA AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" caused by declared or undeclared war or insurrection or any of their consequences.

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

COMMERCIAL AUTO
CA 20 38 02 97

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CALIFORNIA - LEASING OR RENTAL CONCERNS - PRIMACY OF COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. The Other Insurance Condition in the Business Auto Coverage Form and the Other Insurance - Primary And Excess Insurance Provisions in the Truckers Coverage Form, are changed by adding the following:

1. Notwithstanding Paragraph a. in the Business Auto Coverage Form and Paragraphs a. and c. in the Truckers Coverage Form, when this Coverage Form and any other Coverage Form or policy providing liability coverage apply to a "commercial vehicle" and:

   a. One provides such coverage to a Named Insured engaged in the business of renting or leasing "commercial vehicles" without operators, and

   b. The other provides such coverage to a person not engaged in that business, and

   c. At the time of an "accident", a person who is not the Named Insured of the policy described in Paragraph A.1.b., and who is not the agent or employee of such Named Insured is operating a "commercial vehicle" provided by the business covered by the Coverage Form or policy described in Paragraph A.1.a., then the liability coverage provided by the Coverage Form or policy described in Paragraph A.1.b. is primary, and the liability coverage provided by the Coverage Form or policy described in Paragraph A.1.a. is excess over any coverage available to that person.

B. As used in this endorsement:

   "Commercial vehicle" means an "auto" of a type required to be registered under the California Vehicle Code, and:

   1. Used or maintained for the transportation of persons for hire, compensation or profit, other than a van pool vehicle;

   2. Designed, used or maintained primarily for the transportation of property; or

   3. Leased for a period of six months or more.

POLICY NUMBER: 37 UEG IQ2. .J

COMMERCIAL AUTO
CA 99 23 12 93

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# RENTAL REIMBURSEMENT COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |
| | (Authorized Representative) |

### SCHEDULE

#### SEE SUBSEQUENT PAGE

| Coverages | Auto No. | Designation or Description of Covered "Autos" to which this insurance applies | Maximum Payment Each Covered "Auto" | | | |
|---|---|---|---|---|---|---|
| | | | Any One Day | No. of Days | Any One Period | Premium |
| Comprehensive | 1 | | $ | | $ | $ |
| | 2 | | $ | | $ | $ |
| Collision | 1 | | $ | | $ | $ |
| | 2 | | $ | | $ | $ |
| Specified | 1 | | $ | | $ | $ |
| Causes of Loss | 2 | | $ | | $ | $ |

Total Premium

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. This endorsement provides only those coverages where a premium is shown in the Schedule. It applies only to a covered "auto" described or designated in the Schedule.

B. We will pay for rental reimbursement expenses incurred by you for the rental of an "auto" because of "loss" to a covered "auto". Payment applies in addition to the otherwise applicable amount of each coverage you have on a covered "auto." No deductibles apply to this coverage.



**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CHANGES IN HIRED CAR PHYSICAL DAMAGE - LIMIT OF INSURANCE

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> TRUCKERS COVERAGE FORM
> TRUCKERS ENDORSEMENT

A. The BUSINESS AUTO COVERAGE FORM is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations

2. Paragraph b. of the OTHER INSURANCE Condition does not apply to Hired Auto Physical Damage Coverage.

B. The GARAGE COVERAGE FORM is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations.

2. Paragraph b. of the OTHER INSURANCE Condition regarding Hired Auto Physical Damage Coverage does not apply

C. The TRUCKERS COVERAGE FORM is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations.

2. Paragraph d. of the OTHER INSURANCE - PRIMARY AND EXCESS INSURANCE Condition regarding Hired Auto Physical Damage does not apply.

D. The TRUCKERS ENDORSEMENT is changed as follows:

1. PHYSICAL DAMAGE COVERAGE for covered "autos" you hire or borrow is excess unless primary physical damage coverage for such autos is specifically provided in the policy Declarations.

2. Paragraph d. of the OTHER INSURANCE Condition regarding Hired Auto Physical Damage Coverage does not apply.

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# MEXICO COVERAGE

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**
**GARAGE COVERAGE FORM**
**TRUCKERS COVERAGE FORM**

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |

(Authorized Representative)

The coverage provided by this policy will apply while your covered "auto" is being used in the Republic of Mexico for no more than 10 days at any one time.  However, such coverage shall be excess over any other collectible insurance.

**WARNING:  The Republic of Mexico considers an auto accident a criminal offense as well as a civil matter.**

Unless you have automobile insurance written by a Mexican Insurance Company, you may spend many hours or days in jail if you have an accident in Mexico.  Insurance coverage should be secured from a company licensed under the laws of Mexico to write such insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLLUTION LIABILITY COVERAGE
# PRIVATE PASSENGER TYPE AUTOS

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**
**GARAGE COVERAGE FORM**
**TRUCKERS COVERAGE FORM**

**Section I**

   A. The **BUSINESS AUTO COVERAGE FORM** is changed as follows:

      For LIABILITY COVERAGE for "private passenger type autos", paragraph **a.** of the POLLUTION EXCLUSION applies only to liability assumed under a contract or agreement.

   B. The **TRUCKERS COVERAGE FORM** is changed as follows:

      For LIABILITY COVERAGE for "private passenger type autos", paragraph **a.** of the POLLUTION EXCLUSION applies only to liability assumed under a contract or agreement.

   C. The **GARAGE COVERAGE FORM** is changed as follows:

      For LIABILITY COVERAGE for "private passenger type autos", paragraph **a.** of the POLLUTION EXCLUSION APPLICABLE TO "GARAGE OPERATIONS" - COVERED "AUTOS" applies only to liability assumed under a contract or agreement.

**Section II**

      The following is added to the DEFINITIONS Section:

      "Private passenger type auto" means a private passenger or station wagon type "auto" and includes an "auto" of the pick-up or van type if not used for business purposes. If you are an individual, business purposes does not include farming or ranching.

*1500237TQ27100101   00610

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## COMMERCIAL AUTOMOBILE BROAD FORM ENDORSEMENT

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**

To the extent that the provisions of this endorsement provide broader benefits to the "Insured" than other provisions of the Coverage Form, the provisions of this endorsement apply.

### 1.  BROAD FORM INSURED

**A.  Subsidiaries and Newly Acquired or Formed Organizations**

The Named Insured shown in the Declarations is amended to include:

(1) Any legally incorporated subsidiary in which you own more than 50% of the voting stock on the effective date of the Coverage Form.  However, the Named Insured does not include any subsidiary that is an "Insured" under any other automobile policy or would be an "Insured" under such a policy but for its termination or the exhaustion of its Limit of Insurance.

(2) Any organization that is acquired or formed by you and over which you maintain majority ownership.  However, the Named Insured does not include any newly formed or acquired organization:

(a) That is a partnership, joint venture or limited liability company

(b) That is an "Insured" under any other policy,

(c) That has exhausted its Limit of Insurance under any other policy, or

(d) 180 days or more after its acquisition or formation by you, unless you have given us notice of the acquisition or formation.

Coverage does not apply to "bodily injury" or "property damage" that results from an "accident" that occurred before you formed or acquired the organization.

**B.  Employees as Insureds**

Paragraph A.1. - WHO IS AN INSURED - of SECTION II - LIABILITY COVERAGE is amended to add:

d. Any "employee" of yours while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

**C.  Lessors as Insureds**

Paragraph A.1. - WHO IS AN INSURED - of Section II - Liability Coverage is amended to add:

e. The lessor of a covered "auto" while the "auto" is leased to you under a written agreement if:

(1) The agreement requires you to provide direct primary insurance for the lessor and

(2) The "auto" is leased without a driver.

Such a leased "auto" will be considered a covered "auto" you own and not a covered "auto" you hire.

### 2.  AUTOS RENTED BY EMPLOYEES

Any "auto" hired or rented by your "employee" on your behalf and at your direction will be considered an "auto" you hire.

The OTHER INSURANCE Condition is amended by adding the following:

If an "employee's" personal insurance also applies on an excess basis to a covered "auto" hired or rented by your "employee" on your behalf and at your direction, this insurance will be primary to the "employee's" personal insurance.

**11. TWO OR MORE DEDUCTIBLES**

Under Paragraph D. - DEDUCTIBLE - of SECTION III - PHYSICAL DAMAGE COVERAGE, the following is added:

If another Hartford Financial Services Group, Inc. company policy or coverage form that is not an automobile policy or coverage form applies to the same "accident", the following applies:

(1) If the deductible under this Business Auto Coverage Form is the smaller (or smallest) deductible, it will be waived;

(2) If the deductible under this Business Auto Coverage Form is not the smaller (or smallest) deductible, it will be reduced by the amount of the smaller (or smallest) deductible.

**12. AMENDED DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS**

The requirement in LOSS CONDITIONS 2.a. - DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS - of SECTION IV - BUSINESS AUTO CONDITIONS that you must notify us of an "accident" applies only when the "accident" is known to:

(1) You, if you are an individual;

(2) A partner, if you are a partnership;

(3) A member, if you are a limited liability company; or

(4) An executive officer or insurance manager, if you are a corporation.

**13. UNINTENTIONAL FAILURE TO DISCLOSE HAZARDS**

If you unintentionally fail to disclose any hazards existing at the inception date of your policy, we will not deny coverage under this Coverage Form because of such failure.

**14. HIRED AUTO - COVERAGE TERRITORY**

Paragraph e. of GENERAL CONDITIONS 7. - POLICY PERIOD, COVERAGE TERRITORY - of SECTION IV - BUSINESS AUTO CONDITIONS is replaced by the following:

e. For short-term hired "autos", the coverage territory with respect to Liability Coverage is anywhere in the world provided that if the "insured's" responsibility to pay damages for "bodily injury" or "property damage" is determined in a "suit," the "suit" is brought in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada or in a settlement we agree to.

**15. WAIVER OF SUBROGATION**

TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US - of SECTION IV - BUSINESS AUTO CONDITIONS is amended by adding the following:

We waive any right of recovery we may have against any person or organization with whom you have a written contract that requires such waiver because of payments we make for damages under this Coverage Form.

**16. RESULTANT MENTAL ANGUISH COVERAGE**

The definition of "bodily injury" in SECTION V - DEFINITIONS is replaced by the following:

"Bodily injury" means bodily injury, sickness or disease sustained by any person, including mental anguish or death resulting from any of these.

**17. EXTENDED CANCELLATION CONDITION**

Paragraph 2. of the COMMON POLICY CONDITIONS - CANCELLATION - applies except as follows:

If we cancel for any reason other than nonpayment of premium, we will mail or deliver to the first Named Insured written notice of cancellation at least 60 days before the effective date of cancellation.

# EXHIBIT "B"

POLICY NUMBER: 37 UEG IQ2. J



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SCHEDULE OF LIMITS UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    TRUCKERS COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |
| | (Authorized Representative) |

The Limit shown in ITEM TWO of the Declarations for Uninsured Motorists Coverage and for Underinsured Motorists Coverage (when not included in Uninsured Motorists Coverage) is replaced by the limits shown below for the state indicated.

## SCHEDULE

| COVERAGE | LIMIT | | STATE |
|---|---|---|---|
| UNINSURED MOTORISTS | $ 1,000 ,000 each "accident" | | CA |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| UNDERINSURED MOTORISTS (when not included in Uninsured Motorists Coverage) | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |
| | $ ,000 each "accident" | | |

*1500237IQ27100101 00500

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 155867    — MB

## October 08, 2008
## 15:49:00

### Civ Fil Non-Pris
USAO #.: 08CV1837 CIVIL FILING
Judge..: JANIS L. SAMMARTINO
Amount.:                    $350.00 CK
Check#.: BCD3040513


Total—> $350.00


FROM: DEBBIE SIMMONS AND MICHAEL
      SIMMONS VS THE HARTFORD CO

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**08 CV 1837 JLS BLM**

## I. (a) PLAINTIFFS
Debbie Simmons and Michael Simmons

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Elliott N. Kanter, 2445 Fifth Avenue, Ste. 350
San Diego, CA 92101 (Tel: 619-231-1883)

## DEFENDANTS
The Hartford Company

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Berger Kahn, 7200 Redwood Blvd., Ste. 325
Novato, CA  94945  (Tel: 415-899-1770)

**BY FAX**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  |  |
|  | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441(b)
Brief description of cause:
Breach of contract, insurance bad faith, declaratory relief, negligence and reformation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  955,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  10/08/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 155867   AMOUNT $350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
TB 10/08/08